McCUE et al. v. COLLINS.

No. 2620.

Court of Civil Appeals of Texas. Eastland.

Feb. 6, 1948.

Thomas & Thomas, of Big Spring and Turner & Seaberry, of Eastland, for appellant.

Coffee & Coffee, of Big Spring, for appellee.

LONG, Justice.

The former opinion in this case is withdrawn and the following substituted therefor.

Lois Lester McCue instituted this suit in trespass to try title against Alfred R. Collins to recover possession of a building situated in Big Spring, Howard County, Texas. Defendant answered by general denial and plea of not guilty. The court submitted the following Special Issue No. 1 which was answered in the affirmative by the jury: "Do you find a preponderance of the evidence that as much as ninety days prior to April 30, 1945, there was an oral agreement between plaintiff, Lois Lester McCue, and defendant, A. R. Collins, that the lease in question was extended in accordance with the option provision in the lease contract for an additional period of five years from May 1, 1945?"

Based upon the answer to the above Issue, the court entered judgment that plaintiff take nothing by reason of her suit and decreed that the defendant was entitled to

the possession of the premises, from which judgment the plaintiff has appealed.

Plaintiff bases her appeal upon the following six points:

1. Because of the misconduct of the jury in discussing that appellant was a trouble-maker.

2. Because of the misconduct of the jury in discussing rentals on the Mellinger Building.

3. Because the trial court overruled appellant's objections to the submission of Special Issue No. 1.

4. Because the trial court admitted oral testimony that altered and contradicted the written lease.

5. Because the trial court overruled appellant's motion for judgment notwithstanding the verdict.

6. Because the evidence is insufficient to support the jury's answer to Special Issue No. 1.

7. Because the finding of the jury to Special Issue No. 1 is an insufficient basis for the judgment.

The court heard evidence upon the alleged jury misconduct. One of the jurors testified that while the jury was deliberating, one of the jurors stated that he knew the plaintiff to be a trouble-maker. However, the plaintiff made no allegation in her motion for a new trial setting up the statement made by the juror as misconduct. Further, at the time said evidence was given by the juror, plaintiff did not ask permission of the trial court to amend her motion for a new trial and include therein such statement testified to by the juror. From an examination of the order overruling the motion for a new trial, it is apparent that the court did not consider such statement as a ground for a new trial. Texas Rules of Civil Procedure, rule 374 provides that a ground of error not distinctly set forth in the motion for a new trial shall be considered as waived. Point No. 1 is overruled.

There was evidence that the jury, while considering their verdict, discussed the amount of rental that was being paid upon the Mellinger Building located in Big Spring. The court submitted to the jury an issue inquiring as to the reasonable rental

value of the building involved in this suit. However, the trial court's judgment was not in any way based upon the answer of the jury thereto. In view of the answer of the jury to Special Issue No. 1, the issue as to rental value became immaterial. It is, therefore, apparent that the discussion by the jury of the amount of rent paid for the Mellinger Building was harmless and no injury to the plaintiff is shown. R.C.P. 327, Hudson v. West Central Drilling Co., Tex. Civ.App., 195 S.W.2d 387.

We will next consider point No. 6. This point questions the sufficiency of the evidence to sustain the answer to Special Issue No. 1. On the 1st day of May, 1940, plaintiff, as independent executrix of the estate of Mattie Lester, deceased, entered into a written contract with defendant whereby she leased to the defendant a building in the City of Big Spring to be used as a drug store said lease being for a term of five years and containing a provision that defendant, by giving written notice ninety days or more before the last day of the term of the original lease, might extend said lease to and including the 30th day of April, 1950. At the expiration of the first five year term, the defendant continued to occupy the building, paying therefor the agreed rental and the plaintiff entered no protest or claim that he had not complied with all the terms of the contract until August, 1946, at which time she informed the defendant that he did not have a lease for the reason that he had not given her the written notice required in the contract. The defendant testified in substance as follows: "Miss Lois came to me in November, 1944, and said: 'Your five year lease is going to run out pretty soon and I want to know whether you want your option for another five years?' And I said, 'Yes, mam, I do.' And she said, 'Well, that is all I wanted to know,' so I took it for granted I had it for five years longer."

■ After defendant had been in the building for two months after the expiration of the original lease, plaintiff demanded that he pay her $40 additional rent, claiming that under the extended lease his rent was $210 per month instead of $190 each month paid during the original five year term. They each seemed to be confused as to the amount of the rental due under the terms of the extended lease and defendant paid the $40 demanded by the plaintiff. Under the extended lease contract, defendant was to pay three per cent of his gross sales over and above $84,000 annually as rent in addition to the $190 paid each month. Plaintiff demanded a showing from defendant as to the amount of his sales and contended that she should receive the three per cent on all sales above $84,000. From the record, it is shown that plaintiff recognized the option contract and treated it as being in full force and effect for some fifteen months after termination of the original lease contract. These facts, the conversation quoted above, and other circumstances in the record, in our opinion, are sufficient to support the finding of an oral agreement to extend the lease in accordance with the option provision in the written contract. In holding this, we are not unmindful of the letter defendant wrote to the plaintiff on September 5, 1946, in which he said, in part: " * * * I did not argue the question with you at the time as I knew that the amount of the rent would be adjusted prior to the time that the lease expires which is up into 1950 or 1951, should I exercise the options hereafter to hold under the rental agreement."

■■ Furthermore, there is a provision in the original lease that any holding over by tenant should not operate, except by written agreement, to extend or renew the lease, but that in such a case the landlord might terminate the tenant's occupancy at once, or consider such occupancy as being from month to month. As to the letter, it was admissible for the consideration of the jury in determining whether the parties had entered into the agreement inquired about, but it is not conclusive upon that issue. Citizens' National Bank of Valliant, Oklahoma v. Stroud, Tex.Civ.App., 204 S.W.2d 1010. On the contention that the contract could not be extended or renewed except in writing, we quote from Groce et al. v. P. B. Yates Machinery Company, Tex.Com.App., 288 S.W. 161, 162: "The power to modify or rescind a preexisting agreement is coextensive with the power to initiate it; that is an incident of contractual capacity. 9

Cyc. 593; 35 Cyc. 124. Except in cases within the statute of frauds, etc., the modification or rescission may rest in parol. The fact that the instrument which evidenced the original agreement of the parties here contained a declaration, 'that this contract shall not hereafter be changed or modified in any respect unless a written memorandum, embodying such changes or modification, duly dated, signed by both parties hereto, and bearing distinct date reference to this contract be attached to and made a part of this agreement, 'is not important, for it is no more than a statement that able-minded persons, on tomorrow, will not have contractual capacity despite their investment with it by nature and the law."

■ Plaintiff contends by point 7 that the answer of the jury to Special Issue No. 1 is an insufficient basis for the judgment. We cannot agree with this contention. All the defendant had to do to extend the lease for five years was to give a written notice at least ninety days before the expiration of the first five years term of his intention to exercise his option to renew or extend the lease for a second five year period. It is the settled law of this State that strict performance of a contract which is required to be in writing may be waived and that its terms may be extended by oral agreement. "Written notice of exercise of an option to extend a lease may be waived by the lessor even though such written notice may constitute a condition precedent to exercise of such option." Burke v. Shafer, Tex.Civ. App., 189 S.W.2d 444, 447. See also Dockery v. Thorne, Tex.Civ.App., 135 S.W. 593, writ refused.

■ Such an oral agreement does not come within the statute of frauds. Gulf Production Co. et al. v. Continental Oil Company et al., 139 Tex. 183, 164 S.W.2d 488. It is not necessary that the waiver or the agreement be supported by a consideration. Equitable Life Assur. Soc. of the United States v. Ellis, 105 Tex. 526, 147 S.

W. 1152; Order of Railway Conductors of America v. Quigley, Tex.Civ.App., 83 S.W. 2d 701; Langley v. Norris, Tex.Civ.App., 167 S.W.2d 603. Waiver is the intentional relinquishment of a known legal right. We believe that a finding by the jury that the parties agreed to extend the lease in accord with the terms of the written contract, included a finding that plaintiff waived written notice of defendant's intention to exercise the option to rent building for five more years. However, if the Issue as submitted lacked some of the elements of waiver, plaintiff made no specific objection to the issue directing the attention of the trial court to the failure of the issue to contain any omitted element. In the absence of such exception, Issue No. 1 being a partial or imperfect submission of the issue of waiver, the omitted element must be deemed by this court as having been found by the trial court in such way as to support the judgment rendered. Wichita Falls & Oklahoma Railway Company v. Pepper, 134 Tex. 360, 367, 135 S.W.2d 79, Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371. The evidence is sufficient to sustain the implied finding by the court that plaintiff waived the written notice.

■ Under point 4, plaintiff contends that the trial court erred in the admission of oral testimony that altered and contradicted the written lease. Such testimony or the substance thereof, is not set out in the brief, as required by R. C. P. 418(c), but reference is merely made to the statement of facts. We have examined the statement of facts, the evidence and plaintiff's objections thereto, and we find that such objections were not well taken.

What has been said herein disposes of plaintiff's points 3 and 5.

We have carefully considered the record in this case and it is our opinion that reversible error is not shown under the points presented. Judgment of the trial court is affirmed.