**PINSON v. ODOM et al.**

No. 2941.

Court of Civil Appeals of Texas. Eastland.

June 27, 1952.

Rehearing Denied July 19, 1952.

Archer, Bryant & Overshiner, Abilene, for appellant.

Bryan Bradbury, Abilene, for appellee.

LONG, Justice.

The parties will carry the same designation here as in the trial court. G. E. Pinson instituted this suit against H. N. Odom and T. H. Odom, to recover on a contract and check. Plaintiff alleged he was operating a loan business under the assumed name of Bond & Company and that defendants were partners operating their business under the assumed name of Merkel Telephone Company; that on January 25, 1951, plaintiff and defendants entered into a written contract whereby plaintiff was to endeavor to secure a loan of $50,000 on the business of defendants; that the contract provided that $500 was to be paid in cash to plaintiff by defendants on the signing of the contract and that contemporaneously therewith, defendants executed and delivered to him their check for $500 drawn on the Farmers & Merchants National Bank of Merkel; that said check was presented for payment and was returned marked "payment stopped." Plaintiff further alleged that he began the performance of his part of the contract and stood ready, willing and able to continue his efforts to secure a loan, but that defendants refused to pay the $500 alleged to be due under the contract. Defendants answered admitting the execution of the contract and check but alleged that subsequent to the execution thereof the parties entered into a new agreement changing and modifying the written agreement. Defendants alleged that plaintiff agreed to make a short term loan in the sum of $5,000 to be used in their business and that the loan was to be made by February 1, 1951 and that the payment of the $500 check was contingent upon plaintiff's making the loan to them of the $5,000. They further alleged that plaintiff promised defendants to make them the $5,000 loan provided they would agree in turn to pay ten percent interest on said sum which was three percent more interest than they were to pay on the large loan that was to be negotiated for them. Defendants allege in substance that plaintiff failed and refused to carry out the terms of the subsequent agreement; that they were, therefore, not liable for payment of the $500 check. On a trial before the court with the aid of a jury, judgment was entered in favor of defendants that plaintiff take nothing by reason of his suit. The jury answered in response to a special issue, that after the written contract was entered into the parties entered into an oral agreement substantially to the effect that plaintiff would loan defendants $5,000 at ten percent interest by February 1, 1951, and that part of said money was to be used to pay the $500 check. Plaintiff has appealed.

■■ Plaintiff excepted to defendants' answer on the ground defendants alleged matters that attempted to modify the terms of the written contract by parol evidence. The court overruled this exception and plaintiff assigns this as error. We find no

merit in this point. The written contract between the parties could be modified and changed by an oral agreement between the parties. It is well settled that the power to modify or rescind an agreement is co-extensive with the power to make it. "A written contract which is not required to be in writing may be modified or amended by a subsequent parol agreement." 10 Tex. Jur., page 358. The written contract declared on in this case is not such contract as is required to be in writing under the statute of frauds. Therefore, the parties could, by subsequent agreement, modify and change its terms. Upshur County v. Heydrick, Tex.Civ.App., 221 S.W.2d 326; McCue v. Collins, Tex.Civ.App., 208 S.W. 2d 652.

■ By his second point plaintiff complains of the action of the trial court in overruling his special exception No. 2 to defendants' answer. In this exception plaintiff excepted to defendants' answer because defendants attempted to set up more than one defense in one paragraph in violation of Texas Rules of Civil Procedure, rule 50. R.C.P. 50 provides:

"All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings, so long as the pleading containing such paragraph has not been superseded by an amendment as provided by Rule 65. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

In our opinion, the answer of defendants does not do violence to the above rule. Defendants plead that the original written agreement was changed by a subsequent oral agreement based on a valid consideration. The answer set out said new agreement with sufficient clarity which fully apprised plaintiff of what defendants were relying upon as a defense. We cannot see how plaintiff was, or could have been injured by the action of the trial court in overruling this exception.

By his third point, plaintiff asserts the trial court erred in overruling his special exception No. 3 wherein he excepted to defendants' answer on the ground that it attempted to set out what the parties to the contract had in mind instead of the contract actually made and entered into. We have carefully studied the pleadings and do not believe that defendants' answer is susceptible to the construction placed upon it by plaintiff and that the court was not in error in overruling this exception.

Appellant, in point 4, asserts the court erred in overruling his special exception No. 4, said exception being that defendants' answer attempted to plead a rescission of the written contract but failed to allege that plaintiff consented to such rescission. This exception was not well taken. Defendants answered and admitted the execution of the written contract and then alleged the parties entered into a new agreement thereafter which changed the terms of the written agreement. Defendants then set out the terms of the new agreement. We believe the answer, when considered as a whole, clearly alleges the modification of the written contract and the agreement of plaintiff thereto.

By point 5 plaintiff contends the court erred in overruling his special exception No. 5 on the ground that defendants' answer did not set out any rescission of said contract by the subsequent oral contract. What has been said with reference to point 4 is equally applicable to point 5. Such point is hereby overruled.

■ Defendants filed an amended answer on the day before this case went to trial. Plaintiff filed a motion to strike said answer on the ground that it was filed too late. There is no showing that this motion was presented to the trial court and what, if any, action was taken thereon. Under this state of the record, there is nothing presented for review. R.C.P. 372. Furthermore, although he pleads surprise, plaintiff did not ask for a continuance or postponement of the trial. There is no showing that he was deprived of any evidence material to his cause of action by reason of the belated filing of the answer.

612

R.C.P. 434, provides, in part, that no judgment shall be reversed on the ground the trial court has committed an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case or probably prevented the appellant from properly presenting his cause on appeal.

■ Plaintiff moved the court to instruct the jury to return a verdict in his favor because the alleged subsequent contract was not in any particular agreed upon by the parties. This motion was overruled and plaintiff assigns this action as error. We find no merit in this point. Both defendants testified to the subsequent oral agreement and we find sufficient evidence to sustain the jury's finding that such agreement was entered into between the parties. We deem it unnecessary to set out the evidence relative thereto.

■ By point 8, plaintiff contends the court erred in admitting evidence "on the alleged subsequent oral contract when said contract, if it existed, violated the statute of frauds." Such testimony or the substance thereof is not set out in the brief as required by R.C.P. 418(c). We find no bill of exception either in the statement of facts or transcript relating thereto. Plaintiff did not assign as error in his motion for a new trial the admission by the court of any evidence. Consequently, there is no merit in this point.

The judgment of the trial court is affirmed.