T. J. WEST, Appellant,

v.

SOUTHERN LIFE & HEALTH INSURANCE COMPANY, Appellee.

No. 6863.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 10, 1966.

Daylee Wiggins and Alvin Wiggins, Beaumont, for appellant.

Barnes & Barnes, Beaumont, for appellee.

HIGHTOWER, Chief Justice.

Appellant West brought suit on two insurance policies that provided for death

benefits for his wife in the amount of $500.00 each. Appellee timely filed answer of non-payment of premiums and general denial. It subsequently filed its motion for summary judgment which was granted; hence, this appeal therefrom.

The motion for summary judgment with supporting affidavits was filed February 28, 1966. This motion was set for hearing at 9:00 a. m. on the 21st day of March, 1966. A copy of said motion was served upon appellant on March 1, 1966. At 9:00 a. m. on the date of hearing, appellant filed its reply and opposing affidavit to said motion. It is conceded by counsel for both parties that said reply and opposing affidavit, had they been considered by the court, raised an issue of fact.

The gist of appellant's contentions on this appeal is that the sole reason for the refusal of the trial court to consider his opposing affidavit was because the court was of the opinion that since the reply and affidavit was not filed prior to the date of the hearing, the same must be stricken and not considered because it did not follow the requirements of Rule 166–A, Texas Rules of Civil Procedure (Sec. c), which provides:

"The adverse party prior to the date of hearing may file opposing affidavit."

He asserts that because of the court's misconception of the purport of such rule it abused its discretion in refusing to consider its reply and affidavit.

If appellant is correct that the action of the trial court was due solely by reason of its erroneous construction of Rule 166–A, supra, we would be inclined to sustain his contentions. We think this would be proper because of the analogous question before us to that of the situation where a trial court, after a jury verdict, grants a motion for new trial solely in the erroneous belief that the answers of the jury were in irreconcilable conflict. In such case, mandamus would lie to compel the trial court to enter judgment on the verdict if an appel-

late court found that such irreconcilability did not exist.

The record before us fails to sustain appellant's contentions. At the close of the hearing, the court made the following comments:

"THE COURT: Gentlemen, these motions for summary judgments are way too technical, but that is the law. As I understand the law, I have a duty to perform that takes more courage than I have to do it. My sympathy is with the Plaintiff, if I have any. I am not supposed to have any, but being human, I do. If I follow the law, I would have to grant the summary judgment. Therefore, it's granted."

These comments of the court do not show that the trial court judgment was made based solely on an erroneous construction of the law. Moreover, the judgment itself, omitting formal parts, recites:

"The Court further finds that no excuse exists for the Plaintiff's failure to file a Reply and opposing Affidavits prior to the time set for the hearing; that the Plaintiff has failed to exercise diligence in the late filing of said Reply and that the said Reply and Affidavit attached thereto are not timely and may not be regarded as an opposing affidavit; * * * Ordered * * * that the Plaintiff's Reply to the Defendant's motion for summary judgment, together with attached Affidavit, be stricken as not having been filed timely * * *"

Although these excerpts from the comments of the court and the judgment may indicate that the court thought it could not consider said reply and affidavit, yet it is also clear that the court refused the same for failure of appellant to use diligence, after 20 days' notice, in filing said instruments at an earlier date. Under the circumstances, the question of diligence was a matter resting in the sound discretion of the court and we cannot hold that said discretion was abused.

Judgment affirmed.