**Charles B. JONES, d/b/a Charles B. Jones Construction Company, Appellant,**

v.

**HOUSTON MATERIALS COMPANY, Appellee.**

**No. 586.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 1, 1972.

Monroe Northrop, Austin, Dabney, Northrop & Garwood, Houston, for appellant.

Barney L. Knight, Monteith, Baring & Nester, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit on a sworn account. Appellee, Houston Materials Company, brought suit against Charles B. Jones, d/b/a Charles B. Jones Construction Co., for the value of 11,218.20 tons of super flexible base material allegedly sold to appellant as per what was referred to as an attached sworn account. The gross rate per ton was $.66, which was totaled by the plaintiff to be $7,700.17. After unspecified, unlisted and unidentified offsets, appellee sought recovery of what was simply characterized as the "Balance Due" of $4,393.88, together with interest and attorney's fees.

To plaintiff's sworn petition defendant filed an unsworn general denial. On May 10, 1971, the plaintiff filed a motion for summary judgment with attached supporting affidavit of M. S. Stude who was president of the plaintiff company. Such affidavit referred to an attached exhibit but no such instrument accompanied the affidavit. The missing exhibit presumably was a copy of the same account which was attached to plaintiff's petition. Hearing on plaintiff's motion for summary judgment was set for May 24, 1971, at 9:00 a. m. On such date at 8:50 a. m. the defendant filed a first amended original answer. Such answer was under oath and set forth a written denial and the defense of a material shortage under the agreement which was asserted to be at least in the sum of $3,184.20. It was under such state of the record that the trial court granted summary judgment decreeing plaintiff's recovery of the sum prayed for, $4,393.88.

In this appeal defendant asserts that the court erred in granting summary judgment because plaintiff's pleadings and affidavits are insufficient. Defendant further asserts that the trial court erred in granting summary judgment in that the pleadings and affidavits on file and before the court at the time of granting such motion failed to show that there was no genuine issue as to any material fact.

Without reference to the time of filing or what, if any, consideration was given to it by the trial court it must first be determined whether defendant's first amended original answer sufficiently complies with the requirements of Rules 185 and 93(k), Texas Rules of Civil Procedure. Defendant's first amended original answer, under oath, recites that " . . . each and every item of plaintiff's claim and cause of action is not just or true, . . ." and continues by asserting that the material allegedly furnished and sold was short and that such shortage was at least in the sum of $3,184.20. We hold that there was sufficient compliance with the foregoing rules.

The controlling questions are more difficult however. At the outset it is apparent that the filing of defendant's first amended original answer on the day the summary judgment was set for consideration was not timely. 166–A(c), Tex. R.Civ.P.; General Motors Acceptance Corporation v. Musick, 379 S.W.2d 297 (Tex. Sup.1964); Lawyers Surety Corp. v. Investors Mut. of Nueces, Inc., 353 S.W.2d 882 (Tex.Civ.App.-San Antonio 1962, writ ref'd n. r. e.). A summary judgment proceeding is a trial within the meaning of Rule 63, Tex.R.Civ.P., which provides that amended pleadings offered within seven days of date of trial or thereafter shall be filed only after leave of the judge is obtained. Leche v. Stautz, 386 S.W.2d 872 (Tex.Civ.App.-Austin 1965, writ ref'd n. r. e.). In the instant case it does not affirmatively appear that such leave of the court was first obtained. Even so, defendant's first amended original answer was filed, such filing is apparent in the record and the recorded instrument is contained in the transcript before this Court.

Throughout appellee's (plaintiff's) brief it is asserted that the trial court refused leave to file defendant's first amended original answer and that the trial court refused to consider it. The record, how-

**696**

ever, lends no support for such assertion. First, it is within the trial court's discretion to permit or deny late filing. West v. Southern Life & Health Insurance Company, 409 S.W.2d 581 (Tex.Civ.App.-Beaumont 1966, writ ref'd n. r. e.). The record here, however, gives no indication that the trial court refused leave to file; the filing is in fact affirmatively demonstrated to have occurred. Nor does it appear that the trial court refused to consider defendant's first amended original answer. Again it was within the discretion of the court to do so, Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App.-San Antonio 1965, no writ); McHone v. McHone, 449 S.W. 2d 488 (Tex.Civ.App.-Waco 1969, writ dism'd), but there is no indication whether the trial court did or did not take cognizance of the defendant's answer.

What is clear is that the answer which was filed by the defendant was not stricken. No objection to the filing of defendant's first amended original answer appears in the record, Wrenn v. Pilgrim, 360 S.W.2d 420 (Tex.Civ.App.-Texarkana 1962, no writ); Kennedy v. Shipp, 135 S. W.2d 204 (Tex.Civ.App.-El Paso 1939, writ dism'd jdgmt cor.). Further, no motion to strike defendant's first amended original answer appears and no order to strike was made by the court. The discretion of the court to strike in such circumstance is clear. See 2 McDonald, Texas Civil Practice Sec. 805, 806 (1970).

In Pinson v. Odom, 250 S.W.2d 609, 611 (Tex.Civ.App.-Eastland 1952, no writ) the plaintiff filed a motion to strike defendant's amended answer, which was filed on the day the case went to trial, on the ground that it was filed too late. The Court stated "There is no showing that this motion was presented to the trial court and what, if any, action was taken thereon. Under this state of the record, there is nothing presented for review. R.C.P. 372." The trial court's judgment, which was not signed until June 10, 1971, gives no clue as to what transpired. It merely recites that the court heard the pleadings and the evidence.

In summary, it was within the trial court's discretion to disallow late filing, it was within the trial court's discretion to refuse to consider, and it was within the trial court's discretion to order stricken. The record before this Court does not indicate that the trial court's discretion was exercised in any of the three areas.

■ We have heretofore stated that defendant's first amended original answer sufficiently complied with Rules 185 and 93(k), Tex.R.Civ.P. Such sworn answer being before the trial court, as we must conclude that it was, the record does not demonstrate that there was no genuine issue as to any material issue of fact sufficient to permit the rendition of summary judgment for the plaintiff.

Appellant's second point of error is sustained. With this disposition requiring reversal we do not reach appellant's first point. The judgment of the trial court is reversed and remanded.