**AFFIRM; and Opinion Filed August 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00848-CV

**LUCKY MERK, LLC D/B/A GREENVILLE BAR & GRILL,**
**DUMB LUCK, LLC D/B/A HURRICANE GRILL,**
**AND GREG MERKOW, Appellants**
**V.**
**GREENVILLE LANDMARK VENTURE, LTD**
**AND GREENVILLE LANDMARK VENTURE GP, LLC, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. 10-02411-D**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

We withdraw our opinion dated July 15, 2014, and vacate the judgment of that date. We deny appellant's motion for rehearing. This is now the opinion of the Court. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), .4. For the following reasons, we affirm the trial court's judgment.

### BACKGROUND

On March 2, 2010, a fire destroyed part of a popular Dallas destination and historic building housing four restaurants, including Dumb Luck, LLC d/b/a Hurricane Grill and Lucky Merk d/b/a Greenville Bar & Grill. The day after the fire Greg Merkow, owner of both restaurants, told news reporters that he did not have insurance to cover the damage caused by the

fire. He testified at trial that he decided to cancel the liability and "contents" insurance about a year before the fire because the premiums were too high. A month after the fire, Hurricane Grill's lawyer sent a letter to the landlord, Greenville Landmark Venture, Ltd, demanding that Landlord comply with the lease provisions requiring Landlord to repair and rebuild the restaurant spaces. Ten days after sending the letter, Hurricane Grill sued Landlord and its general partner, Greenville Landmark Venture GP, LLC (collectively Landlord), for negligence, breach of the lease, and breach of warranty of suitability of the premises. Landlord counterclaimed for breach of the lease based on Hurricane Grill's failure to maintain tenant insurance as required by the lease.

The case was tried to a jury. After Hurricane Grill rested its case in chief, Landlord orally moved for a directed verdict on Hurricane Grill's claim for breach of the lease. The trial court denied the motion. After Landlord presented its witnesses and Hurricane Grill presented its rebuttal witness, both parties moved for a directed verdict on the other's claim for breach of the lease. The trial court granted both motions. The jury returned a verdict in favor of Landlord on Hurricane Grill's negligence claim. Hurricane Grill filed a motion for new trial, which was denied.

Hurricane Grill appeals the directed verdict rendered against it on its claim for breach of the lease; Landlord does not appeal. Although the notice of appeal stated that Greenville Bar & Grill and Merkow also appealed, those parties do not assert any claims for relief on appeal.

STANDARD OF REVIEW AND APPLICABLE LAW

A trial court may direct a verdict if no evidence of probative value raises a fact issue on the material questions in the lawsuit. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994). A court may direct a verdict against the plaintiff when the plaintiff fails to present evidence raising a fact issue essential to recovery. *Prudential Ins. Co. of Am. v. Financial*

–2–

*Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *see also Tex. Emp'rs Ins. Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex. 1977). In our review, we consider the evidence in a light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Szczepanik*, 883 S.W.2d at 649. If there is conflicting evidence of probative value, the directed verdict was improper and we must reverse and remand. *Id.*

The elements of a breach of contract claim are (1) a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff as a result of the breach. *See Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 131–32 (Tex. App.—Dallas 2014, no pet.). To prevail on appeal, Hurricane Grill must show that it produced some evidence on each element of its claim. *Smith v. Universal Elec. Constr. Co.*, 30 S.W.3d 435, 438 (Tex. App.—Tyler 2000, no pet.).

As an initial matter we note that Hurricane Grill's appellate brief contains citations to its appendix and not to the official court record, and the documents in its appendix do not appear to be copies of the official court record. *See Flack-Batie v. Cimarron*, No. 05-11-00024-CV, 2013 WL 485750, at *2 n.2 (Tex. App.—Dallas Feb. 6, 2013, no pet.) (mem. op.). In a footnote, Hurricane Grill stated that because the record did "not have a continuous number pagination" there was no "way to cite the record in the traditional manner." Hurricane Grill "reserve[d] the right to request an opportunity to cure any defect once the record is corrected." However, Hurricane Grill did not amend its brief, and its citations are not to the official record, but to its own copies of exhibits and purported excerpts of trial testimony.

The Texas Rules of Appellate Procedure require a party to include in its briefing to this Court a statement of facts "supported by record references" and an argument "with appropriate citations to . . . the record." TEX. R. APP. P. 38.1(g), (i). The "record" to which these rules refer is the official court record. Hurricane Grill's briefing does not comply with the rules of appellate

procedure, and we are not required to search the record for facts that may be favorable to a party's position. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). In its motion for rehearing, Hurricane Grill requested permission to file an amended brief with amended citations to the record. However, we decline to grant Hurricane Grill's request because we address the merits without regard to the record citations.

### THE LEASE

The lease between Landlord and Hurricane Grill expired on December 31, 2009, unless Hurricane Grill exercised the option to renew for an additional 60 months. The renewal provision in the lease stated:

> Provided that at the end of the primary or any renewal term of this Lease Tenant is not in default of any term, condition or covenant contained in this Lease, Tenant (but not any assignee of Tenant) shall have the right and option to renew this Lease, by written notice delivered to Landlord not later than 120 days prior to the expiration of the primary or any renewal term, for two successive additional terms of 60 months each under the same terms, conditions and covenants contained herein . . . .

The lease stated that if Hurricane Grill failed to surrender the premises at the expiration of the lease term, it would "constitute a holding over, which shall be construed as a tenancy from month to month at a rental of 125% of the rent payable at the expiration of this Lease."

The lease also contained a "Tenant Insurance" provision that required Hurricane Grill to maintain "a policy or policies of insurance, at its sole cost and expense, insuring both Landlord and Tenant against all claims, demands or actions arising out of or in connection with Tenant's use or occupancy of the demised premises, or by the condition of the demised premises" with minimum limits of $1,000,000.

### DISCUSSION

Hurricane Grill argues that the trial court erred by directing a verdict in favor of Landlord because it presented some evidence on each element of its claim for breach of the lease. With

regard to the first element of its claim—the existence of a valid lease—Hurricane Grill argues that it offered more than a scintilla of evidence that it renewed the lease. Landlord disagrees.

Hurricane Grill cites the following evidence to show that it raised a fact issue about whether the lease was renewed: Merkow called Landlord's agent, duPerier, on the telephone and stated that Hurricane Grill wanted to exercise the renewal option; duPerier did not object to the oral renewal; Merkow and duPerier began discussing a new rental rate after this telephone conversation; duPerier testified at trial that he "always accept[ed] oral notices"; and Hurricane Grill never paid the holdover rental rate required under the lease for a month-to-month tenancy. Hurricane Grill contends that "[t]hese actions constituted evidence to show that the parties acted as if the Lease was properly renewed." Hurricane Grill also argues that to the extent Landlord contends Hurricane Grill could not renew the lease because it was in default by failing to comply with the tenant insurance provision in the lease, Landlord waived the default.

It is undisputed that the lease required Hurricane Grill to provide Landlord with written notice of its intent to renew the lease and that Hurricane Grill did not do so. However, Hurricane Grill cites several cases to support its argument that the oral notice was effective. Each of those cases was decided based on the specific facts presented there.

Hurricane Grill cites *McCue v. Collins*, 208 S.W.2d 652 (Tex. Civ. App.—Eastland 1948, no writ) for the proposition that "actual notice of renewal" is sufficient. But *McCue* did not conclude that "actual notice of renewal" renders written notice of renewal unnecessary. Instead, the court concluded that, based on the conversations between the parties about the renewal and other evidence in the record that the court does not disclose, the parties orally agreed to extend the lease. *Id*. at 654. *See also Am. Props. of Houston, LLC v. Detering Office Partners, Ltd.*, No. 14-10-00063-CV, 2011 WL 529711, at *1–3 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, no pet.) (mem. op.) (where lease required landlord to give tenant written notice of intent to

rebuild or terminate lease after storm damage, evidence landlord orally told tenant about damage to leased premises and its intent to rebuild, tenant talked to project manager numerous times about status of repairs, and tenant personally observed renovation process during numerous visits to leased premises sufficient to show tenant had actual notice of landlord's intent to rebuild and written notice of intent not required); *Pruitt Jewelers, Inc. v. Weingarten, Inc.*, 426 S.W.2d 902, 903–05 (Tex. Civ. App.—Tyler 1968, writ ref'd n.r.e.) (where landlord received tenant's written notice of renewal one day late, evidence tenant continued to pay rent for several months after notifying landlord in writing of intent to extend lease, tenant never complained its notice of intent was untimely, and tenant talked to landlord about finding sub-tenant after tenant vacated premises sufficient to show "all parties recognized that the option [to extend lease] had been duly exercised").

Here, it is undisputed that Hurricane Grill orally told Landlord that it wanted to renew the lease. But the evidence that Landlord accepted the oral renewal and waived the lease's written notice requirement is no more than a scintilla. [D]uPerier's trial testimony where he said he "always accept[ed] oral notices" was not referring to oral notice of renewal of the lease. Instead, the context of the testimony was about the timing of Hurricane Grill's notice to duPerier that the leased premises had a leaky roof. [D]uPerier said "[t]he leases require written notice, but there was – I always accept oral notices, too," and he said he received a telephone call from Merkow about the leaky roof. [D]uPerier did not testify that he always accepted oral notice of renewal of the lease. We conclude that the evidence Hurricane Grill offered to show the lease was renewed is no more than a scintilla.

But even if Hurricane Grill raised a fact issue about whether Landlord waived the requirement of written notice of renewal, the lease also stated that in order to renew, Hurricane Grill could not be in default of any of the lease's terms at the time of renewal. The lease

required Hurricane Grill to maintain tenant insurance, but the evidence was undisputed that Hurricane Grill canceled its tenant insurance four months before Merkow called duPerier about renewing the lease. Hurricane Grill argues that Landlord waived this default by not giving notice of the default, but the evidence was undisputed that Hurricane Grill did not tell Landlord that it had canceled the insurance. *See Crump v. Frenk*, 404 S.W.3d 146, 152 (Tex. App.—Texarkana 2013, no pet.) (landlord could not give notice of default if landlord unaware of default).

Hurricane Grill also argues that Landlord waived this default because it had notice for several years that Hurricane Grill had not complied with the tenant insurance provision. But the noncompliance to which Hurricane Grill refers is the lease's requirement that the tenant deliver a copy of the certificate of insurance to Landlord, not the requirement to maintain tenant insurance. In fact, Merkow testified that he maintained tenant insurance up until March 2009 when he canceled it. Evidence that Hurricane Grill did not provide Landlord certificates of insurance each year as required by the lease is no evidence that Landlord knew Hurricane Grill was in default of the lease by canceling the tenant insurance and waived the default.

Because Hurricane Grill was in default of the lease's terms at the time of renewal, it did not have the right or option to renew the lease based on the terms of the renewal provision. Consequently, we conclude that Hurricane Grill did not present more than a scintilla of evidence to establish the first element of its breach of contract claim: the existence of a valid contract, and the trial court did not err by granting Landlord a directed verdict.

### CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120848F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUCKY MERK, LLC D/B/A
GREENVILLE BAR & GRILL, DUMB
LUCK, LLC D/B/A HURRICANE GRILL,
AND GREG MERKOW, Appellants

No. 05-12-00848-CV        V.

GREENVILLE LANDMARK VENTURE,
LTD AND GREENVILLE LANDMARK
VENTURE GP, LLC, Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. 10-02411-D.
Opinion delivered by Justice Lang-Miers.
Justices Myers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Greenville Landmark Venture, Ltd and Greenville Landmark Venture GP, LLC recover their costs of this appeal from appellants Lucky Merk, LLC d/b/a Greenville Bar & Grill, Dumb Luck, LLC d/b/a Hurricane Grill, and Greg Merkow.

Judgment entered this 28th day of August, 2014.