RHODES et al. v. SMITH. (No. 6555.)

(Court of Civil Appeals of Texas. San Antonio. April 20, 1921.)

1. Evidence �köm474(19)—Buyer held not qualified to state value at place he did not live.

In an action for failure to deliver a carload of hay to a buyer who had sought to have it diverted from its original destination, the buyer was incompetent to state the value of the hay at the place of its original destination, which was more than 100 miles from his residence, and the admission of such evidence was error, especially where the value as stated exceeded the amount claimed in his petition, and in view of the fact that the measure of damages was the value at the place to which he had the shipment diverted.

2. Evidence ⊙⊐258(1)—Statement of commercial agent of railroad inadmissible to bind company.

In an action for nondelivery of a carload of hay, evidence as to words and acts of the "commercial agent" of the defendant railroad, without any evidence as to the authority or duties of the person so designated, is incompetent to charge the carrier with the acts of the agent.

3. Principal and agent ⊙⊐19, 23(1)—Authority of agent must be shown by some act or omission of principal.

The authority of an agent to bind his principal must be shown to establish the principal's liability, since the law indulges in no presumption that an agency exists, and it cannot be shown by the agent's own representations or his assuming to act by mere rumor or general reputation, but must be shown by some act or omission of the principal.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by Marshall H. Smith against C. C. Rhodes and another to recover damages for failure to deliver a carload of hay. Judgment for plaintiff against defendants, and they bring error. Reversed and remanded.

Lee, Lomax & Wren of Fort Worth, Terry, Cavin & Mills, of Galveston, and E. S. McCord of Fort Worth, for plaintiffs in error.

Slay, Simon, Smith & Morris and C. E. McGaw and Hugh B. Smith, all of Fort Worth, for defendant in error.

---

⊙⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FLY, C. J. This is a suit brought by defendant in error against C. C. Rhodes and the Gulf, Colorado & Santa Fé Railway Company to recover $386.98, alleged to have accrued to him as damages by reason of a failure to deliver to him at Humble, Tex., "a carload of No. 1 alfalfa, consisting of 345 bales, weighing 22,690 pounds." It was alleged that on October 23, 1916, the said railway company gave to R. E. Levers & Co. a bill of lading for said carload of alfalfa for shipment from Roswell, N. M., to Bessmay, Tex.; that said firm sold the alfalfa to Rhodes, and indorsed the bill of lading to him, and the latter sold the alfalfa to defendant in error, who delivered the bill of lading to the railway company, with the indorsement thereon to divert the car to Humble; that said road failed to make said diversion, but diverted it to De Ridder, La., and delivered it to R. E. Levers & Co. The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered in favor of appellee as against both plaintiffs in error, for $311.98, with 6 per cent. interest from November 5, 1916.

The jury found that the car had not been diverted by R. E. Levers & Co., from Bessmay, Tex., to a point in Louisiana; that defendant in error purchased the bill of lading from Rhodes; that the alfalfa was worth $35 a ton; that the agent of the railway company, at Houston, prior to the diversion of the car to Louisiana, told defendant in error that the car could be diverted to Humble, Tex.; that relying on those representations, defendant in error bought and paid for the bill of lading of the car of alfalfa.

[1] The first assignment of error assails the action of the court in permitting defendant in error to testify as to the value of No. 1, alfalfa hay at Bessmay, Tex., and to state that its market value at that place was $34 to $35 a ton. The testimony showed that defendant in error had not been in Bessmay for several years; that Bessmay was about 110 to 115 miles from Houston; that the witness had never seen or inspected the car in question, and based his knowledge on a sample inspected by him at Houston, which had been furnished him by Rhodes. We conclude that the objection was well taken, and the court erred in admitting the evidence. The telegrams introduced in evidence tended to show that the alfalfa was in poor condition, and yet defendant in error was permitted to give a market value at a place where he could not have known such value, and to place it at a much higher figure than was claimed in his petition. The jury followed his testimony. The witness did not show that he was acquainted with the price of such hay at any point. Why the market price of the hay at Bessmay was made the basis of the damages is not apparent. Defendant in error wanted the carload of alfalfa sent to Humble, and it would seem that the market value at that place should have been the subject of inquiry. The evidence did not show that the bale of hay examined by defendant in error, and upon which he stated he based his testimony as to the value of the carload of hay, came out of the car. The evidence was inadmissible.

[2, 3] The evidence as to defendant in error going to a "commercial agent" of the railway company at Houston and inquiring as to whether the hay could be diverted to Humble, and requesting said agent to so divert it, was very unsatisfactory. What the duties and authority of a "commercial agent" of a railroad company were was not shown. Whether such "commercial agent" had anything to do with the control of shipments of freight was not shown. The objections to the testimony should have been sustained. Defendant in error could not, by merely naming a man a "commercial agent," whatever that may be, of a railway company, bind the company by his words and acts. The authority of such agent to bind the company must appear. Railway v. Galloway, 140 S. W. 368. That the authority of an agent to bind his principal must be shown in order to bind the principal is an elementary proposition. As said by Dr. Mechem in his great work on Agency, § 743, the following fundamental principles must be kept in view:

"(1) That the law indulges in no bare presumptions that an agency exists—it must be proved or presumed from facts; (2) that the agent cannot establish his own authority, either by his representations or by assuming to exercise it; (3) that an authority cannot be established by mere rumor or general reputation; (4) that even a general authority is not an unlimited one; and (5) that every authority must find its ultimate source in some act or omission of the principal."

It might be well to keep these basic principles of agency in view on another trial.

The judgment is reversed, and the cause remanded.

SMITH, J., entered his disqualification, and did not sit in this case.