**Edward A. MILLER, Administrator, Appellant,**

v.

**John M. MILLER et al., Appellees.**

No. 12736.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Rehearing Denied Jan. 26, 1955.

Royce A. Oxford, T. J. Bader, Edinburg, for appellant.

Chas. E. Thompson, McAllen, Walter G. Weaver, Floyd B. Park, Donna, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Edward A. Miller, individually and as administrator, with the will annexed, of the estate of Nicholas Miller, deceased, complaining of John M. Miller and the Citizens State Bank, Donna, Texas. An instructed verdict in favor of the Bank was given and no complaint of such action is here made, so the Bank need not be further mentioned as a party hereto. Plaintiff sought to recover the sum of $5,000 alleged to be the sales price of 200 shares of stock of Commonwealth Edison Company, sold by the Bank through the brokerage firm of Merrill, Lynch, Pierce, Fenner & Beane of Corpus Christi, Texas, which sum had theretofore been sent to the Citizens State Bank and ultimately turned over to John M. Miller. Defendant John M. Miller filed an answer and cross-action, claiming the 200 shares of stock and/or the proceeds derived from the sale thereof, by reason of the fact that the stock had been given to him by his brother, Nicholas Miller, before his death. Cross-plaintiff asked judgment declaring him to be the owner of the 200 shares of stock and/or the proceeds derived from the sale of such stock.

The trial was to a jury and the cause was submitted upon one special issue reading as follows:

"Do you find by a preponderance of the evidence that Nicholas Miller delivered the shares of stock in question to J. M. Miller with the then present intent to surrender all interest in, dominion over and control of the same, so that the ownership of such stock should thereafter be vested in J. M. Miller?"

to which the jury answered "yes", and judgment was rendered to the effect that Edward A. Miller, Administrator, take nothing and that cross-plaintiff, John M. Miller, recover and be declared to be the owner of the 200 shares of stock, free from any claims of the administrator, from which judgment Edward A. Miller, as administrator, has prosecuted this appeal.

Appellant did not file a motion for new trial, as is required by Rule 324, Texas Rules of Civil Procedure, although this was a trial to a jury and the judgment was rendered more than five days before the adjournment of the court for the term. Under the provisions of Rule 324, T.R.C.P., appellant is not entitled to prosecute this appeal, except in the manner and to the extent provided by the last paragraph of Rule 324, reading as follows:

"An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in giving an instructed verdict, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto, or in overruling a motion for judgment for appellant on the verdict."

Appellant filed two motions, one a motion for an instructed verdict and the other, which he termed plaintiff's motion to enter judgment. Both motions were overruled. If this latter motion could be construed as a motion for judgment notwithstanding the

verdict, or a motion for judgment in plaintiff's favor on the verdict, then appellant would be entitled to complain on this appeal of its being overruled, and that would be the only matter of which he could complain in the absence of a motion for a new trial. Such contention would have to be based upon the fact that there was "no evidence" to show a "gift" by Nicholas Miller to his brother, John Miller. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206.

Appellant has presented five points. The first point presents the contention that Special Issue No. 1, the only issue submitted to the jury, should not have been submitted because the evidence of a "gift" was not clear and free from all ambiguity and doubt. Point No. 2 enlarges upon this contention, as do Points Nos. 3 and 4. Point No. 5 complains because of the exclusion of certain evidence.

■ In the absence of a motion for a new trial none of these points are entitled to consideration. Rule 324, T.R.C.P.; Kendall v. Johnson, Tex.Civ.App., 212 S.W. 2d 232; Pacific Finance Corp. v. Gilkerson, Tex.Civ.App., 217 S.W.2d 440; Jefferies v. Benavides, Tex.Civ.App., 220 S.W.2d 712; Steinke v. Schmid, Tex.Civ.App., 223 S.W.2d 955; Miller v. Long-Bell Lumber Co., Tex.Civ.App., 217 S.W.2d 867; Traders & General Ins. Co. v. Scott, Tex.Civ. App., 189 S.W.2d 633. The rule that where a parol gift of property is claimed after the death of the donor, such gift must be shown by clear, convincing, unambiguous testimony, that is, free from doubt, is a rule as to the sufficiency of evidence and has no bearing on the "no evidence" rule. 21 Tex.Jur. 63, Gifts, § 44; Martin v. Martin, Tex.Civ.App., 207 S.W. 188; Adams v. Adams, Tex.Civ.App., 205 S.W.2d 801; Wilson v. McLemore, Tex.Civ.App., 242 S.W.2d 791; Bunnell v. Bunnell, Tex.Civ. App., 217 S.W.2d 78; 24 Am.Jur. 799, Gifts, § 133; 38 C.J.S., Gifts, § 67, p. 869.

■ Appellant in his statement and argument shows that there was some evidence of a parol gift and this being true the court did not err in submitting the issue to the jury. The court could not properly grant judgment notwithstanding the verdict so long as there was some evidence. In Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209, the Court said:

"In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the 'clear and convincing' rule is applicable if, in the opinion of the trial judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto."

■ The issue submitted to the jury was not objected to in any way, as far as this record shows, and appellant, who did not file a motion for a new trial, will not be heard to complain on appeal that the evidence of parol gift was insufficient when weighed in the light of the rule of clear and convincing evidence. If appellant desired to present such a contention he should have filed a motion for a new trial raising such matter. Rule 324, T.R.C.P; Kilgore v. Howe, Tex.Civ.App., 204 S.W.2d 1005; Quinn v. Wilkerson, Tex.Civ.App., 195 S.W.2d 399; Sterley Common School Dist. No. 30 v. Board of School Trustees of Floyd County, Tex.Civ.App., 200 S.W.2d 717; Kolacny v. Pelech, Tex.Civ.App., 201 S.W. 2d 257.

■ The fifth point, which presents the contention that the court erred in excluding certain evidence, cannot be considered in the absence of a motion for a new trial. Pinson v. Odom, Tex.Civ.App., 250 S.W.2d 609; Andrews v. Dewberry, Tex.Civ.App., 242 S.W.2d 685; Krottinger v. Marchand, Tex.Civ.App., 252 S.W.2d 217; Hughes v. Belman, Tex.Civ.App., 239 S.W.2d 717.

The judgment of the trial court is affirmed.