Robert E. ABBOTT, Appellant,

v.

EARL HAYES CHEVROLET COMPANY, a Corp., Appellee.

No. 104.

Court of Civil Appeals of Texas.

Tyler.

Dec. 3, 1964.

James H. Martin, Dallas, for appellant.

Charles W. Mohundro, June R. Welch, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is an appeal by appellant, Robert E. Abbott, from a judgment rendered in the trial court upon a jury verdict for the appellee, Earl Hayes Chevrolet Company. This suit was occasioned by the appellant's failure to perform his conditional sales contract with the appellee, necessitating the sale of the mortgaged property which appellee alleges resulted in loss to him. The appellant became in default of the contract by his failure to make the monthly installment payments as therein provided. After the appellant was in default on the contract, he delivered the car into the possession of the appellee. Thereafter, appellee sold the automobile. Appellee instituted suit against appellant for the difference in what the repossessed car brought and the amount owed against it at the time it was returned to it.

The case was submitted to a jury upon special issues and both appellant and appellee made motion for judgment upon the verdict. Judgment was rendered for appellee, Earl Hayes Chevrolet Company, and appellant duly gave notice of appeal from said judgment.

The appellant alleged in his pleadings in the trial court that upon his return of the car to the appellee, that he delivered same to Melvin O. Johnson, agent and employee of the appellee, and that the said Melvin O. Johnson agreed to accept the automobile in cancellation of and in full payment of the indebtedness due under the conditional sales contract.

The jury found that the said Melvin O. Johnson did not have the authority to accept the automobile in cancellation of and in full payment of the indebtedness due and owing under the conditional sales contract.

Appellant did not file a Motion for New Trial.

Rule 324, Texas Rules of Civil Procedure, requires, with certain exceptions, that a Motion for New Trial be filed as a prerequisite to the appeal of all cases tried before juries. One of the exceptions stated in the rule is that an assignment in a Motion for New Trial shall not be necessary as a prerequisite to the right to complain of the action of the court "in rendering or refusing to render judgment non obstante veredicto, or in overruling a motion for judgment for appellant on the verdict."

Barron v. James, 145 Tex. 283, 198 S.W.2d 256; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Jemerson v. Houston-American Finance Corporation, 351 S.W.2d 574, Tex.Civ.App., 1961, (no writ hist.).

■ A party whose Motion for Judgment on verdict of jury is denied may forego the filing of a Motion for New Trial and predicate his Points of Error on appeal on the matters included in such motion. If he follows that course, he may complain on appeal only of the denial of the Motion for Judgment. Wagner v. Foster, supra; Barron v. James, supra; Pickett v. Biggs, 307 S.W.2d 817, Tex. Civ.App., 1957, (writ dism.); Fenley v. Ogletree, 277 S.W.2d 135, Tex.Civ.App., 1955, (writ ref., n. r. e.); Tindall v. Tacconelly, 328 S.W.2d 909, Tex.Civ.App., 1959, (writ ref., n. r. e.); City of San Antonio v. Gonzales, 304 S.W.2d 429, Tex. Civ.App., 1957, (writ ref., n. r. e.); Miller v. Miller, 274 S.W.2d 762, Tex.Civ.App., 1954, (writ ref.); and Appellate Procedure in Texas, Section 8.4 [3].

The only ground alleged in appellant's Motion for Judgment is "that the jury verdict together with the undisputed evidence entitled him to a judgment; that the plaintiff take nothing by reason of its said suit."

■ Therefore, the only question presented to this court is whether the trial court committed error in refusing to grant appellant's Motion for Judgment "on the verdict." Appellant Abbott based his defense in part on the theory that Johnson had authority from Earl Hayes Chevrolet Company to accept the automobile and cancel the indebtedness due appellee under the conditional sales contract. Under the record before this court, the burden was on appellant Abbott to prove Johnson's authority by a preponderance of the evidence. The law does not presume agency and he who alleges it has the burden of proving it. Buchoz v. Klein, 143 Tex. 284, 184 S.W.2d 271. The authority of such agent to bind the company must appear. The authority

of an agent to bind his principal must be shown in order to bind the principal is an elementary proposition. Rhodes v. Smith, 230 S.W. 227, Tex.Civ.App., (no writ hist.), and Winter v. Morgan & Williams, 256 S.W. 342, Tex.Civ.App., (no writ hist.).

■ The jury having found that Johnson did not have the authority to accept the automobile from Abbott in cancellation of and in full payment of the indebtedness due appellee under the conditional sales contract, the appellant was not entitled to judgment "on the verdict." Since appellant was not entitled to judgment "on the verdict" because of the lack of such authority on the part of Johnson, the trial court correctly rendered judgment for the appellee.

Appellant alleged that Melvin O. Johnson was acting as manager of the used car lot for the appellee. The undisputed evidence shows that Johnson was the used car manager for the appellee. The appellant did not allege nor prove that Johnson had the authority to accept the car in full payment of the indebtedness due to the appellee under the conditional sales contract. However, the court submitted the issue without objection by the appellant and the jury answered the issue against him.

The appellant did not file any objection to the court's charge; or request the submission of any issue; nor did he file a Motion for Instructed Verdict.

■ We do not think the errors complained of by appellant in his Points 2 and 3 were preserved for appellate review. As above stated, no Motion for New Trial was filed by the appellant and these matters were not mentioned in his Motion for Judgment. They are not properly before us. Rule 324, Texas Rules of Civil Procedure; Wagner v. Foster, supra; and Lovell v. Stanford, 378 S.W.2d 399, Tex.Civ.App., 1964, (writ granted on other points); and Miller v. Miller, supra.

If we be in error in holding that appellant's Points 2 and 3 are not before the

court for review, we are, nevertheless, of the opinion that the points do not present any reversible error under the record in this case.

The judgment of the trial court is affirmed.