**Frank C. STECKLEIN, Appellant,**

v.

**Kathleen M. STECKLEIN, Appellee.**

No. 14957.

Court of Civil Appeals of Texas, San Antonio.

April 21, 1971.

**422**

———◆———

Dobbins, Howard & Harris, San Miguel, Porter, Madalinski, Mayo & Lee, San Antonio, for appellant.

BARROW, Chief Justice.

Appellant-husband has perfected this appeal from a judgment denying him a divorce from appellee-wife. The question presented is whether the trial court erred in holding that a prior judgment of January 8, 1970, denying husband a divorce was res judicata as to all transactions occurring between husband and wife before this date, although the statutory ground of insupportability urged by husband herein was not available to him at such time. No reply brief has been filed by appellee.

Appellant and appellee were married in 1949 and have two children, both of whom are over 18 years of age. Since 1967, this marriage has been severely torn by litigation if by no other cause. A judgment was entered on August 23, 1967, whereby the wife took a non-suit and husband's petition for divorce was denied. On November 20, 1967, judgment was entered in another cause denying his petition for divorce. He took a non-suit in another cause on January 16, 1969. He subsequently secured a divorce in Juarez, Mexico, on January 18, 1969, and is now living with another woman as husband and wife. Apparently, the validity of the Mexican divorce is questioned in that in the fall of 1969, husband filed another suit for divorce against appellee wherein he urged the statutory ground of mental cruelty.

In the meantime, Title I of the Family Code, Acts 1969, 61st Legislature, Chapter 888, was approved June 14, 1969, effective January 1, 1970, V.T.C.A. Section 3.01 thereof created a new ground for divorce, to wit: insupportability. This section provides in part that a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation. Section 10 of said Act provides in part that it does not affect proceedings that were *begun* before its effective date (January 1, 1970).

After January 1, 1970, husband sought to amend his pending petition for divorce so as to include the newly created ground

of insupportability. The trial court expressly found that this ground for divorce was not applicable under the provisions of the Family Code and refused to consider same. No appeal was perfected from the denial of such divorce petition on January 8, 1970. Instead, husband filed the present action on January 22, 1970, where he alleged that the marriage had become insupportable as defined in Section 3.01, supra. At the trial of this cause, the court sustained wife's plea of res judicata and refused to permit husband to offer any evidence as to any transactions between the parties which occurred prior to January 8, 1970. Husband showed by bill of exception that the parties had no contact whatsoever subsequent to this date and perfected this appeal from the court's action in sustaining wife's plea of res judicata.

It is established that in order for a judgment in one suit to bar the bringing of a subsequent suit, there must be: identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and identity of quality in the persons or parties. Owsley v. Mixon, 382 S.W.2d 354 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.); Agey v. Barnard, 123 S.W.2d 484 (Tex.Civ.App.—Amarillo 1939, writ dism'd jdgmt cor.); 34 Tex.Jur.2d, Judgments, Section 492. Appellant concedes that three of these identities are present in both cases, but urges there is no identity of cause of action as the grounds for divorce are different.

It is seen that in the prior action he sought divorce for mental cruelty, whereas in this petition, he urges insupportability. These grounds differ materially in that under the first, appellant was required to show that his wife was guilty of excesses, cruel treatment, or outrages toward him, of such nature as to render their further living together insupportable. On the other hand, the new ground of "insupportability" which is cumulative of "cruelty" in the Act is without regard to fault of either party. Under the express language of the Act, this ground was not available to appellant in his prior suit filed before January 1, 1970.

In Pavlas v. Pavlas, 428 S.W.2d 880 (Tex. Civ.App.—Fort Worth 1968, no writ), it was recognized that a judgment denying a divorce is not res judicata as to a cause of action arising thereafter. In McGinley v. McGinley, 295 S.W.2d 913 (Tex.Civ.App.—Galveston 1956, no writ), the court considered the effect of an amended statute reducing the required period of separation without cohabitation from 10 years to 7 years. It was held that plaintiff was entitled to a divorce where the couple had been separated more than seven years although a prior suit filed by plaintiff based on similar grounds had been denied less than seven years before the divorce action in question was heard. See also: 24 Am.Jur. 2d, Divorce and Separation, Section 500, p. 627; 27A C.J.S. Divorce § 174(2), p. 730; Leahy v. Leahy, 208 Or. 659, 303 P.2d 952 (1956).

Here appellant has never litigated the statutory ground of insupportability. The denial of appellant's petition for divorce based on the ground of cruelty is not res judicata to this suit based on the new ground of insupportability. The trial court erred in sustaining appellee's plea of res judicata and in refusing appellant full opportunity to offer evidence in support thereof.

The judgment is reversed and the cause remanded.