Henry J. CLAY, Appellant,

v.

Kathlyn G. CLAY, Appellee.

No. 16806.

Court of Civil Appeals of Texas,
Houston (1st Dist.)

March 24, 1977.

Rehearing Denied April 21, 1977—With
Opinion.

May 19, 1977.   Second Motion.

Karl E. Kraft, Houston, for appellant.

Minter & Mahon, Gary D. Aguren, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment of the trial court dissolving the bonds of matrimony, providing for a property settlement, continuing in effect a temporary support order pending appeal, and assessing court costs against the appellant. The case was tried to a jury, but the appellant elected not to file a motion for a new trial.

Appellant contends that his points on appeal are properly based on the action of the trial court in denying his motion for judgment on the verdict. Both parties filed motions for judgment. The trial court entered no order reflecting her action on either of the motions.

The parties to this appeal were married on July 12, 1958. There are two minor children. Kathlyn Clay filed a petition for divorce on November 22, 1974, and Henry Clay answered with a general denial and a cross-action. Both parties went to trial pleading as grounds for divorce the no-fault provision of the Family Code, section 3.01, and section 3.02, the cruel treatment provision.

In response to special issues the jury made the following findings:

1. The marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

2. Acts and conduct of Kathlyn Clay towards Henry Clay constituted cruel treatment of a nature that renders their further living together as husband and wife insupportable.

3. The best interests of the children will be served by placing custody in Kathlyn Clay.

4. $1,050.00 per month is the necessary amount for the support and maintenance of the children.

Other issues were submitted and answered relating to the fair market value of certain property and monies on deposit.

The jury was unable to answer the special issues relating to whether Henry Clay was guilty of cruel treatment towards Kathlyn Clay and whether Mrs. Clay acted in good faith and with probable cause in filing and prosecuting the suit or whether it was necessary for her to file and maintain the suit. The parties agreed to receive the partial verdict, and Mrs. Clay waived her right to have the issues answered.

Appellant's first three points relate to the action of the trial court in failing to enter a judgment granting a divorce to appellant on the cruel treatment finding. Appellant's motion for judgment states no reasons why the judgment presented should have been entered in preference to the judgment prepared by the trial court. The judgment signed by the trial court purported to be a judgment on the jury's verdict. The jury findings were recited. Instead of awarding a divorce to the appellant, the trial court merely dissolved the bonds of matrimony.

The guidelines developed by the Supreme Court of Texas in *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960), provide a basis for the solution of the problem in this case. The court held that Rule 324, Texas Rules of Civil Procedure, did not eliminate altogether the necessity for filing a motion for new trial as a prerequisite to appeal.

With specific reference to a motion for judgment non obstante veredicto the court recognized that a party could forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. However, the court held that in such event the appellant could complain on appeal only on the denial of the motion non obstante veredicto. In *Wagner v. Foster, supra*, the Supreme Court also held that assignments of error in a motion for new trial which do no more than adopt from or refer in general terms to other motions do not "specify", "distinctly set forth", or "clearly identify" a ground of error, and form no proper basis for a point of error on appeal.

In *Miller v. Miller*, 274 S.W.2d 762 (Tex. Civ.App.—San Antonio 1954, error ref'd), the court said:

"Appellant filed two motions, one a motion for an instructed verdict and the other, which he termed plaintiff's motion to enter judgment. Both motions were overruled. If this latter motion could be construed as a motion for judgment notwithstanding the verdict, or a motion for judgment in plaintiff's favor on the verdict, then appellant would be entitled to complain on this appeal of its being overruled, and that would be the only matter of which he could complain in the absence of a motion for a new trial. . . ."

■ Appellant's assignment that the trial court erred in overruling his motion for judgment does not "specify", or "distinctly set forth", or "clearly identify" a ground of error. The point is much too general to be the basis of an assignment of error in a motion for new trial. Rules 320, 321, 322 and 374, Texas Rules of Civil Procedure. It is likewise too general for consideration by this court. *Wagner v. Foster, supra*.

■ Where points on appeal are predicated on the denial of a motion for judgment the motion must specify the matters to be included in the court's judgment, and the reason therefor. Merely attaching a form of judgment to a request for entry of judgment does not bring to the attention of the

trial court anything except the fact that the person presenting the motion is requesting the trial court to enter a judgment in his favor. No specific "matters" are included in such a motion. *Abbott v. Earl Hayes Chevrolet Co.*, 384 S.W.2d 782 (Tex.Civ.App. —Tyler 1964, no writ history).

The final paragraph of appellant's first amended motion for entry of judgment reads:

"WHEREFORE, premises considered, and without waiver of his right to seek review of the rulings specified on the signature page hereof, Respondent respectfully moves the Court to enter the proposed Judgment annexed hereto."

The paragraph to which reference was made reads:

"To which rulings and action of the Court (a) in so dividing the estate of the parties, (b) in requiring payment of $200,000.00 by Respondent to Petitioner as order in subparagraphs "A" and "B" above, (c) in assessing one-half of the auditor's fee against Respondent, and (d) in assessing all court costs against Respondent, and for the purpose of obtaining review only of such specified rulings and action of the Court, Respondent in open Court excepted and gave notice of appeal to the Court of Civil Appeals sitting in Houston, Texas."

■ While the action of appellant in referring to another instrument to set forth the matters of which he complains in his motion for judgment is not approved as a substitute for a motion for new trial, the points relate to matters which come within the discretionary power of the trial judge in a divorce proceeding and are not matters which are submitted to the jury. These matters were presented to this court by points in the appellant's brief and will be considered.

The statement of facts reflects that the appellant strongly urged on the trial court his contention that the jury's answer to the issue on cruelty required that the trial court enter a judgment granting a divorce to appellant. While it is our opinion that this point is not properly presented in the mo-

tion for judgment and fails to present a basis for a point on appeal, we are further of the opinion that the point does not present reversible error. See *Moreno v. Jenkins*, 436 S.W.2d 620 (Tex.Civ.App.— Austin 1968, writ ref'd n.r.e.).

■ In *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd), the court stated:

"* * * When insupportability is relied on as a ground for divorce by the complaining spouse, if that ground is established by evidence, a divorce must be granted the complaining party, without regard as to whether either, both or neither of the parties are responsible for or caused the insupportability. *Stecklein v. Stecklein*, 466 S.W.2d 421 (Tex.Civ.App.— San Antonio 1971, no writ history). It is not incumbent upon the plaintiff who brings the divorce action upon the ground of insupportability to show any misconduct on the part of the defendant, but it is only incumbent upon that spouse to establish by the evidence that a state of insupportability exists regardless of whether it is anyone's or no one's fault. · · ·"

Section 3.01, Family Code, provides:

"On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation."

This section authorizes the trial court to decree a divorce. It does not require the trial court to grant a divorce to either party to the suit. The issue to be determined by the court or the jury as fact finders is whether the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation. The jury, or the trial court when acting as a fact finder, is not concerned with the fault of the parties. While a di-

vorce granted under the authority given in Section 3.01, *supra,* is popularly termed a "no fault" divorce it is in fact a divorce which the court is authorized to grant without regard to fault.

In the case under consideration the trial court was authorized by the verdict of the jury to grant a divorce as authorized by Section 3.01, supra. She was not required to grant a divorce to the appellant based on the jury's finding of cruel treatment, although she could have done so in her discretion. The trial court was authorized to consider the finding on cruel treatment in connection with her duty to divide "the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage" as required by Section 3.63 of the Family Code.

The appellant presents a point that the trial court erred in dividing the estates of the parties in that the division made is so disproportionately favorable to appellee, and so unjust in the allocation of property as to constitute an abuse of discretion. Complaint is also made of the action of the trial court in requiring that appellant pay to appellee $50,000.00 in cash and to execute and deliver to her a promissory note for $150,000.00 payable in seven annual installments with interest as a part of the property settlement.

The parties have agreed that community property in the sum of $278,596.83 was accumulated during the course of the marriage. Appellee was shown to own separate property having a value of $50,292.38. Appellant was shown to own separate property having a value of $1,157,372.16. The court awarded appellee all of her separate property plus specific community assets having a value of $55,840.27. In addition the appellant was required to pay the appellee the sum of $50,000.00 in cash and to execute the $150,000.00 note. Appellant was awarded all of his separate property and specific community assets having a value of $222,-756.56. The value of the property awarded to appellee, exclusive of her separate property, was of the value of $255,840.27.

While appellant received community assets valued at $222,756.56, after he has paid the $50,000.00 in cash and the value of the note is deducted he will be left with the sum of $22,756.56 as his share of the community estate. Some $40,000.00 in value of the separate property awarded to appellee consists of her undivided one-half interest in the residence occupied by the parties during their marriage. This interest was given to appellee by appellant during the marriage. The use of the residence was awarded to appellee during the minority of the two children of the marriage and thereafter to appellant. The youngest child will reach the age of eighteen in approximately two years from the date of entry of the judgment. In effect appellant was awarded a life estate in the separate property interest of appellee. Appellee was awarded none of appellant's separate property which consisted in the most part of stock in a closely held corporation. The parties were married for some eighteen years. Prior to the marriage appellee worked as a medical secretary. She did not work during the marriage. Appellant owns one-fifth of the stock in Hahn & Clay, Inc. and serves as chairman of the board. In 1974 he received a gross income from salary and dividends of $89,067.28. Evidence was presented during the trial that Mr. Clay's after-tax income over his life expectancy would be in excess of $1,000,000.00 while Mrs. Clay's earning capacity as a secretary would amount to $143,793.00 after taxes.

Section 3.63 of the Family Code gives the trial court broad discretion as to the manner in which the "estate of the parties" is divided. *In re Marriage of Jackson,* 506 S.W.2d 261 (Tex.Civ.App.—Amarillo 1974, writ dism'd). The court may consider the disparity of earning powers, business opportunities, capacities and abilities, employment prospects, health of the parties, welfare of the children, and the parties' separate property. *In re Marriage of McCurdy,* 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd). We are unable to hold that the trial court abused its discretion in dividing the property owned by the

parties. *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd).

■ The jury found facts sufficient to authorize the trial court to grant a divorce on "no fault" grounds. Based on a jury finding the trial court named appellee as managing conservator for the children. Appellant has not, and in the absence of a motion for new trial could not, attack the action of the trial court in appointing an auditor. Since it appears from the record that both appellant and appellee were successful in the trial court in part, we cannot say that the trial court abused its discretion in taxing one-half of the costs against each party, including one-half of the auditor's fee.

The trial court continued a temporary order previously entered requiring appellant to pay temporary alimony to appellee and certain other expenses which might be incurred by her in connection with maintaining the residence of the parties and the support of the minor children.

■ It was well settled under the law in force prior to the adoption of the Family Code that a district court before which a divorce suit is pending had power and jurisdiction to enter an alimony order in favor of the wife, and against the husband, pending final disposition of the divorce proceeding, and had the power and jurisdiction to enforce such order by contempt proceedings. The district court had the power to make and enforce an alimony order pending a divorce action even after an appeal from the divorce judgment had been fully perfected to the court of civil appeals. *Ex parte Hodges,* 130 Tex. 280, 109 S.W.2d 964 (1937). The appellant contends that in this case the rule is inapplicable because a divorce was granted by the trial court and neither party is appealing this action of the court. He argues that although he seeks modification of the judgment to award the divorce to appellant based on the jury's finding of cruel treatment, the bonds of matrimony heretofore existing between the parties had been effectively dissolved by the judgment. He then concludes that the order allowing temporary alimony is invalid in that it amounts to requiring payment of unlawful permanent alimony. It has long been the rule in this state that an order fixing temporary alimony is interlocutory and cannot be superseded on appeal. An appeal from a divorce judgment even though a supersedeas bond is filed does not supersede the child support or temporary alimony provisions of the judgment. *Ex parte Kollenborn,* 153 Tex. 350, 269 S.W.2d 339 (1954).

■ The judgment of divorce entered in this case is not final. The appellant has appealed that portion of the judgment decreeing a divorce and is seeking to have this court reverse and render that portion of the judgment so as to award a divorce to appellant on the ground of cruel treatment. It might then be possible to secure a review of the decision of this court by the Supreme Court of Texas. The same reason for allowing alimony pending a final determination of the divorce proceeding exists after a judgment of the district court from which an appeal has been taken as before the rendition of such a judgment. Until the property settlement provisions of the trial court's judgment are finally determined appellee will be without funds to support herself and the minor children. While the language of the Family Code relating to temporary alimony and temporary support differs in some minor particulars from the language of the preceding statute, the difference does not require the adoption of a rule of law differing from that previously in force. The order entered of which complaint is made is still a temporary order which is not incorporated in the final decree. It is not an appealable order and this court lacks jurisdiction to consider the action of the trial court in entering the order continuing in effect the support order previously entered. *Ex parte Kollenborn, supra.*

The judgment is affirmed.

### ON MOTION FOR REHEARING

The appellant has properly pointed out that the opinion in this case fails to point

out the fact that the parties had accumulated furniture which was awarded to the appellee. The court was in error in stating that the court costs were awarded against the parties equally. Only the auditor's fee was taxed against the parties equally. The court costs were adjudged against the appellant.

The appellant also complains that no specific mention was made of his point of error complaining that the trial court erred in disregarding the jury finding in answer to Special Issue No. three. While this point of error was not quoted, it was considered in the opinion and no additional discussion is necessary.

The inaccuracies pointed out require no additional discussion and do not require the entry of a different judgment.

The motion is denied.