**John B. McMASTER, Appellant,**

v.

**Frances G. McMASTER, Appellee.**

**No. 15960.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 8, 1978.

Rehearing Denied Dec. 6, 1978.

Foster, Lewis, Langley, Gardner & Banack, Donald R. Taylor, San Antonio, for appellant.

Oliver S. Heard, Jr., San Antonio, Thomas S. Goggan, Goggan & Cain, Austin, for appellee.

## OPINION

CADENA, Chief Justice.

This is a "no-fault" divorce case in which appellant, John B. McMaster, sought and obtained a divorce from appellee, Frances G. McMaster. Appellant will be referred to in this opinion as "husband," while appellee will be designated as "wife."

Husband appeals from that portion of the judgment dividing the community estate of the parties, providing for support of the minor child of the parties and ordering him to pay one-half of the fees of wife's attorney and accountant.

The cause of husband's displeasure with the division of the property is aptly expressed by wife in her brief as follows: "The effect of the Trial Court's Order . . is the award of the value of all of the assets to the wife and the assessment of all the liabilities against the husband." This was accomplished by awarding to wife assets having a gross value of $138,250.00, and awarding to husband assets having a gross value of $132,228.00. Husband was then required to pay community debts, which totaled $96,644.00, and to pay to wife $132,228.00, the gross value of the assets awarded to him.

In terms of specific assets, the court divided the property as follows:

Awarded to Wife

| Asset | Gross Value | Indebtedness | Net Value |
|---|---|---|---|
| Family Residence | $110,000.00 | $33,744.00 | $76,256.00 |
| Automobile | 2,000.00 | 0 | 2,000.00 |
| Furniture | 26,250.00 | 0 | 26,250.00 |
| Total | $138,250.00 | $33,744.00 | $104,506.00 |

Awarded to Husband

| Asset | Gross Value | Indebtedness | Net Value |
|---|---|---|---|
| Land | $ 65,548.00 | $60,000.00 | $ 5,548.00 |
| Accounts Receivable | 20,000.00 | 0 | 20,000.00 |
| Automobile | 1,000.00 | 0 | 1,000.00 |
| Stock | 900.00 | 0 | 900.00 |
| Stero set | 2,500.00 | 0 | 2,500.00 |
| Coin Collection | 1,000.00 | 0 | 1,000.00 |
| Cash in banks | 18,180.00 | 0 | 18,180.00 |
| Retirement Plan | 13,100.00 | 0 | 13,100.00 |
| Office Equipment | 10,000.00 | 0 | 10,000.00 |
| Total | $132,228.00 | $60,000.00 | $72,228.00 |

In addition to the unpaid debts on the realty, totaling $93,744.00, husband was ordered to pay an indebtedness of $2,900.00 to Arthur Murray Dancing Studio, apparently for husband's dancing lessons. Thus, the husband was ordered to pay the entire community indebtedness which totaled $96,644.00.

Prior to the divorce, husband and wife owned interests in an estate having a gross value of $270,478.00. They had liabilities of $96,644.00, so that their net worth was $173,834.00. After the divorce, wife owned assets having a net value of $104,506.00, in addition to the judgment against her husband for $132,228.00, and, as between the parties, she had been relieved of personal liability for debts totaling $96,644.00. The husband, on the other hand, received title to assets having a net value of $72,228.00, but the judgment imposed on him liabilities totaling $246,372.00 ($96,644.00 in community debts, $132,228.00, which the judgment required that he pay to wife, and $17,500.00, representing the wife's legal and accounting fees which he was ordered to pay). The result is that his liabilities exceed the net value of the assets awarded to him by $174,144.00, and such liabilities exceed the gross value of the assets awarded to him by $114,144.00. Assuming that prior to the divorce he had a one-half interest in an estate having a net value of $173,834.00, the effect of the division of the estate is to change his net worth from + $86,917.00 to – $159,455.00.

The evidence in this case supports findings which would justify a markedly uneven distribution of the estate in favor of the wife. She dropped out of school when she was in the 11th grade and married husband when she was 17 years of age and he was 22. At the time of the marriage husband was in medical school, and since entering practice in the field of dermatology his taxable income has increased from $55,996.00 in 1971 to an estimated $134,926.00 in 1977. Wife has a past history of emotional problems requiring professional help and has no significant work history. The testimony supports the conclusion that her future earning capacity is, at best, slight, and that her parents are in no position to aid her financially. At the time of the divorce she was about 42 years old.

There is nothing to indicate that the earning capacity of husband, who was 47 years old at the time of the divorce, will not continue to increase. Wife was awarded custody of the only child of the parties under age 18. This child has a history of emotional problems which have required, and will continue to require, expert professional help and extraordinary parental attention. This factor, of course, adversely affects wife's ability to realize the full potential of her limited job skills. The three adult children of the marriage are still in school and, for all practical purposes, continue to make their home with wife.

On appeal from a judgment dividing the estate of the parties to a divorce, the only question is whether, under all the facts and circumstances of the case, the trial court abused its discretion to an extent which requires a reversal. Reversible abuse of discretion can be found only where it appears that the division is manifestly unjust and unfair. An unequal division does not, standing alone, establish that the division is unfair. An unequal division is justified if it is reasonable, considering the facts and circumstances. Although the courts agree that the trial court has broad discretion in decreeing the division of the estate, the language found in the opinions differs. However, it appears that the statement in *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ. App.—Houston [14th Dist.] 1974, no writ) correctly expresses the factors which an appellate court should consider in determining the fairness of the division. Clearly, such factors as the earning capacities and business opportunities of the parties, their physical condition and the need of each party for support are relevant. Since the decision in each case depends on the facts of the case, little is to be gained by comparison of the result in one case with the outcome in other cases.

The case which most nearly resembles the present case appears to be *Clay v. Clay*, 550 S.W.2d 730 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). In that case, the community assets had a value of $278,596.83. The wife was awarded her separate property and community property having a value of $55,840.00. The husband was awarded his separate estate, having a value of $1,157,000.00, and specific community assets valued at $222,756.00, but was required

to pay the wife $50,000.00 in cash and execute a note payable to the wife in the sum of $150,000.00. The net effect of the division is that the wife received community assets worth $255,840.00, while the husband received $22,756.00 as his share of the community estate. The Court of Civil Appeals held that the record did not support the conclusion that the trial court had abused its discretion.

It is apparent that, despite the similarity in value of the marital estate in *Clay* and here, the position of the husband after the divorce in *Clay* was quite different from the position of the husband here. Mr. Clay had a separate estate valued at over one million dollars. The record before us in this case indicates that husband owned separate property valued at $500.00. In *Clay*, the husband's assets after the divorce greatly exceeded his liabilities. Here, the husband's liabilities after the divorce greatly exceed the value of his assets.

We conclude that the division of the community property in this case is so disproportionate as to be clearly inequitable and constitutes an abuse of discretion requiring reversal. Since questions relating to the obligations of the parties concerning child support and professional fees require consideration of the relative positions of the parties following the partition of the marital estate, no useful purpose could be served by reviewing the portions of the decree dealing with such matters.

The judgment of the trial court, insofar as it grants a divorce, is affirmed. The judgment, insofar as it deals with division of the property, child support and attorney's fees and other professional fees is reversed and the cause is remanded to the trial court for retrial of such issues.