Leo Meyer ARONSON, Appellant,

v.

Kaleta Carney ARONSON, Appellee.

No. 20061.

Court of Civil Appeals of Texas, Dallas.

Oct. 31, 1979.

Larry J. Bridgefarmer, Donsky & Bridgefarmer, Dallas, for appellant.

Craig M. Fowler, McKenzie & Baer, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This is an appeal from the property division in a divorce case. Appellant, Leo Meyer Aronson, contends that the trial judge erred in dividing the community property pursuant to Tex.Fam.Code Ann. § 3.63 (Vernon 1975), thus abusing his discretion. We agree because the community property awarded to appellant is subject to debts in excess of its value. Therefore, we reverse and remand.

The community property was divided as follows:

To appellant:

| Item | Value | Indebtedness | Net Value |
|---|---|---|---|
| insurance policies (Cash surrender value) | $28,409.00 | $39,618.00 | ($11,209.00) |
| 1977 automobile | 4,000.00 | 2,030.00 | 1,970.00 |
| furniture | 500.00 | –0– | 500.00 |
| cash | 4,000.00 | | 4,000.00 |
| | $36,909.00 | $41,648.00 | ($ 4,739.00) |

To appellee:

| Item | Value | Indebtedness | Net Value |
|---|---|---|---|
| house | $64,500.00 | $3,000.00 | $61,500.00 |
| 1975 automobile | 3,000.00 | –0– | 3,000.00 |
| furniture | 5,000.00 | –0– | 5,000.00 |
| insurance policies (Cash surrender value) | 20,551.00 | –0– | 20,551.00 |
| | $93,051.00 | $3,000.00 | $90,051.00 |

Additional community debts, other than the lien on the life insurance awarded to appellant, were charged $6,759 to appellant and $1,500 to appellee. All of the above figures are set forth in appellant's brief. We accept them as correct because appellee does not challenge them. Tex.R.Civ.P. 419.

Tex.Fam.Code Ann. § 3.63 (Vernon 1975) requires the trial court to divide the estate of the parties "in a manner that the court deems just and right, having due regard for the rights of each party . . ." We can reverse the trial court's division of the property only if the division was manifestly unjust. In determining the fairness of a division, we can consider several factors, such as the earning capacity of the parties, their physical condition, and need for support. *Cooper v. Cooper*, 513 S.W.2d 229, 233–34 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Considering all of these facts, we hold the trial court abused its discretion because it awarded the wife property worth $90,051, while appellant received property subject to debts in excess of the value of the assets by $4,939. *See McMaster v. McMaster*, 574 S.W.2d 594 (Tex.Civ.App.—San Antonio 1978, writ dism'd). Furthermore, because appellant was also ordered to pay a greater proportion of the parties' other debts, the disparity is even greater.

Appellee contends the trial court did not abuse its discretion because appellee was 55 years of age and earning no income, while appellant, although 69 years of age, was earning $12,000 per year. She argues that she has spent her life as a wife and mother and has no reasonable expectation of obtaining employment. She also asserts that she has back problems which prevent employment and that the appellant is in good health. We cannot agree that these facts warrant such an inequitable division of the community property. Appellee is much younger than appellant and presented no evidence, other than her own testimony, that her back problems would prevent gainful employment.

Appellee next argues that there is no abuse of discretion here because the indebtedness on the insurance policies awarded to appellant was incurred solely by appellant when he borrowed money from his trust, without intending to repay the loans, and that appellant expended none of these funds for the community benefit. We cannot agree that these facts support this division of community property. These policies appear to be community property because, although appellant testified that two of the encumbered policies were paid up prior to marriage, the parties listed all the insurance policies as community property in their inventories. The debt is presumptively a community obligation, having arisen during marriage, *Cockerham v. Cockerham*,

527 S.W.2d 162, 171 (Tex.1975), and the fact that the debt is secured by community property supports that presumption. Also, appellee signed an instrument assigning the life insurance policies to secure the loans. As for the argument that the community did not benefit from the loans, appellant testified that he expended some of the funds to pay educational expenses of the children.

Neither does a $50,000 loan made by appellant to a third party prior to divorce justify this division. The borrower was appellant's employer and although the borrower paid some interest on the note which benefited the community, he went into bankruptcy. Consequently, the note was not repaid. We conclude that these facts are immaterial to the division of the community property and do not support the division of the trial court.

 Appellee's final contention is that the property division here is just because appellant owns more separate property than she does. In particular, appellee points to a trust, the corpus of which is $91,513.27. Appellant is but a life tenant of this spendthrift trust, from which he receives $1,600 annually. Additionally, appellant receives $411 a year from an interest in oil property and owns an undivided ⅙ interest in 320 acres of land. On the other hand, appellee owns approximately $7,000 of stock and a few items of furniture as her separate property. We also note that evidence adduced at the hearing for new trial revealed that appellee has inherited an estimated $200,000 although a will contest has been threatened. The value of the parties' separate property is a proper factor to consider in determining the equity of the division, *Trevino v. Trevino*, 555 S.W.2d 792, 803 (Tex.Civ.App.—Corpus Christi 1977, no writ); however, we do not find the difference in the value of separate property sufficient to warrant this inequitable distribution of community property.

For the reasons stated, the judgment is reversed and remanded to the trial court with instructions to divide the community property in a manner not inconsistent with this opinion.