## Ex Parte Byron G. Kollenborn

No. A-4678. Decided June 9, 1954.
(269 S.W. 2d Series 339)

*James L. Mitchell*, of Dallas, for relator.

*Dee Brown Walker*, of Dallas, for respondent, Kay Kollenborn.

Mr. Justice Wilson delivered the opinion of the Court.

We granted this original motion for habeas corpus upon relator's representation that it was impossible for him to purge himself by compliance with a contempt order growing out of a divorce case now pending on appeal. Relator contends that the payment required is $400.00 per month, which, under the circumstances, he cannot possibly meet.

■ Before we can dispose of that question, we must first meet his contention that the trial court had no jurisdiction to enforce its original judgment by contempt since an appeal had been perfected and supersedeas bond filed. The divorce judgment pro-

vided a child support payment of $150.00 per month for two children and a total "sum of $400.00 per month as temporary child support and temporary alimony pending final disposition of this cause." We hold that the appeal of the divorce judgment and the filing of the supersedeas bond did not supersede either the child support or temporary alimony and that the trial court retained a continuing jurisdiction to enforce both. Rule 364, T.R.C.P. provides that a supersedeas bond "shall not have the effect of suspending the judgment as to the care or custody of the child" unless it is specifically ordered. It follows that since the supersedeas bond in this case does not contain specific terms superseding child custody, child support should not be superseded.

■ By reason of Art. 4637, V.A.C.S. it has long been held that an order fixing temporary alimony is interlocutory and not superseded on appeal. Ex Parte Lohmuller, 103 Texas 474, 129 S.W. 834, 29 L.R.A. N.S. 303; Ex Parte Scott, 133 Texas 1, 123 S.W. 2d 306, 126 S.W. 2d 626.

3  Relator has two children by a former marriage now living with him in a home belonging to the community of his second marriage. The support of these two children is but indirectly involved. In addition, he has two children by the present marriage for whose support and the temporary alimony of the wife this contempt proceeding was filed. The record on the contempt hearing contains a relatively full account of his resources and expenses. After a full review of the record we cannot say that the contempt judgment of the trial court is so wholly without support as to be void.

This contempt order is specifically limited to the payment for the month of March. Relator can purge himself by paying $400.00. Further efforts to collect other payments will call for new and additional hearings in the trial court at which time the trial court will have full opportunity to determine the relator's precise ability to meet those payments.

Relator is remanded to the custody of the Sheriff of Dallas County. Costs are adjudged against relator.

Opinion delivered June 9, 1954.