Glen R. HUDSON, Appellant,

v.

Fay L. HUDSON, Appellee.

No. 10526.

Court of Civil Appeals of Texas.

Austin.

Dec. 4, 1957.

White & White, Borger, for appellant.

Lawing & Hazlett, Borger, for appellee.

HUGHES, Justice.

This is a divorce case in which the appeal is limited to points relating to the settlement of the property rights of the parties.

Glen R. Hudson, the husband, is appellant. Appellee is Fay L. Hudson.

In anticipation of divorce and following their separation the parties entered into a contract or agreement dividing their community property. It provided that appellee should have a 1953 Mercury car valued at $1,000, household effects valued at $1,500, five shares of stock valued at $250, a total valuation of $2,750, and that appellant

should have annuities and thrift plans with his employer, Phillips Petroleum Company, valued at $2,500 and five shares of stock valued at $250, totalling $2,750. He also agreed to pay appellee $150 per month alimony during pendency of the divorce action.

The contract provided that both parties would ask the court for its approval. Both so prayed.

After an extended hearing the court found the contract not to be a fair and equitable division of the property, set it aside and rendered judgment giving appellee all the community property except a 1949 Mercury automobile and medical and life insurance carried by appellant. This property had no cash value. The car, purchased after the separation, was not worth more than the mortgage against it; the insurance had no cash or surrender value.

The evidence shows that the parties had been married to each other for about eleven years. That they each had two children by former marriages all of whom lived with the parties until they made homes for themselves.

Appellant is 45 years of age. He has been employed by Phillips Petroleum Company for about 15 years and his present salary is $514 per month.

Appellee is 48 years of age. She has an eighth grade education. She is not fitted for very remunerative work. Since the separation the most she had earned has been $20 per week.

Considering the size of the estate and the relative abilities of the parties and the fact that the divorce resulted from the misconduct of appellant we are unable to say that the Trial Court abused his discretion in refusing to approve the settlement contract and in awarding appellee all of the community estate and appellant's undisclosed separate interest, if any, in the Phillips' thrift plan and annuity fund. Art. 4638, Vernon's Ann.Civ.St.; Hedtke v.

Hedtke, 112 Tex. 404, 248 S.W. 21; 15–A Tex.Jur., Divorce and Separation, Secs. 151–152.

Appellant also complains that the Court erred by "acting as an advocate for" appellee in the trial of the case.

The Trial Judge examined some of the witnesses at considerable length and subjected them to vigorous cross examination.

■ It has been said that while no judge should act as an advocate in the case before him he is no mere umpire in the performance of his sworn duty to administer justice. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915.

If this were a jury trial we would have to view the matter in an entirely different light. 41–B Tex.Jur., Secs. 51–57.

■ We have carefully read the statement of facts and we find that much of the examination by the Court was with reference to matters bearing on the issue of divorce which is not now in issue. We do not find anything in the record which indicates that the Trial Court had prejudged the case or that he did not act in a fair and impartial manner. It is our opinion that no prejudicial error is shown.

Appellant has no point complaining of the allowance of alimony to appellee pending the appeal but he prays, in his brief, that in the event the property portion of the judgment is sustained that we charge the amount of such alimony against the property awarded appellee.

■ The order of the Court allowing alimony pending the appeal was interlocutory and nonappealable. Jones v. Jones, Tex.Civ.App., El Paso, 211 S.W.2d 269; Ex parte Kollenborn, 153 Tex. 350, 269 S.W.2d 339.

■ Appellant voluntarily prolonged this litigation by a fruitless appeal and we would not if we had the authority charge the alimony against the property awarded appellee.

The Trial Court's judgment is affirmed.

Affirmed.