**Shirley Hale MATHIS, as permanent guardian of the estate of Carlos Y. Benavides Jr., Appellant**

v.

**Leticia R. BENAVIDES, Appellee**

No. 04–15–00555–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: March 16, 2016

Baldemar Garcia Jr., Person Whitworth Borchers & Morales, LLP, Laredo, TX, for Appellant.

Carlos M. Zaffirini, Zaffirini & Castillo, Laredo, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

### Opinion on Appellant's Motion to Stop Imminent Release of Supersedeas Deposit

Opinion by: Luz Elena D. Chapa, Justice

Shirley Hale Mathis, as permanent guardian of the estate of Carlos Y. Benavides Jr., has filed an "emergency motion to stop imminent release of supersedeas deposit per Texas Rule of Appellate Procedure 24.4." The basis for Mathis's motion

is that the trial court erred under Rule 24 by ordering the district clerk to deliver Mathis's supersedeas deposit to appellee Leticia Benavides, the wife of Carlos Y. Benavides. Mathis requested that we review the trial court's determination of whether to permit suspension of enforcement. *See* Tex.R.App. P. 24.4(a)(4). We temporarily stayed the trial court's order requiring the district clerk to deliver to Leticia the supersedeas deposit filed by Mathis in lieu of bond.

The Texas legislature and supreme court have provided a judgment debtor, such as Mathis, may supersede a money judgment. No exception applies here, even in cases such as this one, in which the money judgment is based on an underlying contractual obligation to pay temporary spousal support during the pendency of a divorce proceeding. Because we are bound by the laws and rules applicable to this proceeding, we must grant Mathis's motion and vacate the trial court's order that the District Clerk of Webb County deliver Mathis's cash deposit to Leticia. *See* Tex.R.App. P. 24.4(d).

## BACKGROUND

This appeal arises from Leticia's breach of contract action against Mathis, as permanent guardian of the estate of Carlos Y. Benavides Jr. The underlying suit was brought by Texas Community Bank against Mathis, in her guardian capacity, Leticia, and other defendants in the 49th District Court of Webb County. On July 5, 2013, Leticia filed cross-claims against Mathis in her guardian capacity and other defendants in the district court proceeding. Leticia amended her pleadings to allege a cause of action for breach of contract.

During the proceedings in the district court, Mathis, on behalf of Carlos, who has been declared legally incapacitated, filed for divorce from Leticia in the County Court at Law No. 2 in Webb County. In the divorce proceeding, Mathis and Benavides entered into a Rule 11 agreement, and the resulting order provided in part:

It is Ordered, Adjudged, and Decreed that Shirley Hale Mathis, permanent guardian of the Estate of Carlos Y. Benavides Jr. shall pay Respondent, Leticia R. Benavides, temporary spousal maintenance in the amount of $12,500.00 per month beginning no later than July 11, 2013 and every 1st of the month thereafter until 30 days after a divorce decree is signed, or 30 days after an appeal is perfected, whichever is later; and, thereafter, this temporary order shall be governed by § 6.709 of the Texas Family Code....

After agreeing to pay Leticia $12,500 per month for Leticia's maintenance, Mathis unilaterally stopped making the $12,500 payments to Leticia. Leticia amended her pleadings in the district court action to allege a cross-claim against Mathis for breach of the Rule 11 agreement:

15. Ms. Mathis' agreement to pay the monthly temporary spousal maintenance is a Rule 11, T.R.C.P., agreement and a valid and enforceable written contract. Ms. Mathis has breached the contract by failing to pay Mrs. Benavides the temporary spousal maintenance in the amount of $12,500.00 per month since March 1, 2014, and every 1st of the month thereafter. As of the filing of this amended cross claim, the agreed temporary spousal maintenance which Ms. Mathis has failed to pay totals $87,500.00 and will total $100,000.00 on October 1, 2014, the next payment due date.

Leticia also requested declaratory relief and a permanent injunction.

In July 2013, Leticia filed a plea in abatement in the divorce proceeding on the ground that the district court had dom-

inant jurisdiction in this case. The county court at law denied Leticia's plea and Leticia petitioned this court for mandamus relief, which this court conditionally granted. *In re Benavides*, No. 04–14–00718–CV, 2014 WL 6979438, at *1 (Tex.App.–San Antonio Dec. 10, 2014, orig. proceeding) (mem.op.). Leticia thereafter filed a traditional motion for partial summary judgment in the district court proceeding arguing she was entitled to judgment as a matter of law on her cause of action for breach of contract, and on her related claims for declaratory relief and a permanent injunction, regarding the Rule 11 agreement. The trial court granted Leticia's motion for partial summary judgment. The trial court severed Leticia's cause of action for breach of contract and her claim for declaratory relief against Mathis into a separate case, making the trial court's order final and appealable. Mathis filed a notice of appeal, and the appeal is pending before this court.

The Webb County District Clerk issued a writ of execution for $162,500, and Mathis filed a notice of supersedeas deposit in lieu of bond to suspend enforcement of the judgment. Leticia filed a motion to strike Mathis's notice of supersedeas deposit in lieu of bond. Leticia argued in her motion to strike that the deposit was an improper attempt to supersede the judgment because the judgment is an order fixing temporary spousal support, and such an order may not be superseded. At the hearing on the motions, Leticia argued the general rule providing a judgment debtor could supersede enforcement of a judgment did not apply because the basis for the judgment is the amount owed pursuant to the Rule 11 agreement for temporary spousal maintenance.

The trial court granted Leticia's motion to strike and further ordered "that the District Clerk of Webb County, Texas, as custodian of the cash deposit in lieu of filing of a supersedeas bond deposited by Mathis on October 6, 2015, arrange to forthwith deliver the cash deposit to Mrs. Leticia R. Benavides to satisfy, in part, the Judgment." Mathis filed a motion in this court requesting that we review the trial court's determination of whether to permit suspension of enforcement. *See* Tex. R.App. P. 24.4(a)(4).

## WHETHER MATHIS MAY SUPERSEDE THE JUDGMENT UNDER RULE 24

 Texas Rule of Appellate Procedure 24.1(a)(3) provides that "[u]nless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by: … making a deposit with the trial court clerk in lieu of a bond." *Id.* R.P. 24.1(a)(3). A judgment debtor is entitled to supersede a money judgment. *In re Longview Energy Co.*, 464 S.W.3d 353, 362 (Tex.2015) (orig.proceeding); *see also* Tex. Civ. Prac. & Rem.Code Ann. §§ 52.001, 52.006 (West 2015). The sole basis for Leticia's motion to strike was that the judgment cannot be superseded because the judgment is a debt for temporary spousal maintenance during the pendency of the divorce proceeding.

In support of her position, Leticia relies on *Ex parte Kollenborn*, 153 Tex. 350, 269 S.W.2d 339 (1954), and *Clay v. Clay*, 550 S.W.2d 730 (Tex.App–Houston [1st Dist.] 1977, no writ). In *Ex parte Kollenborn*, a husband requested habeas corpus relief, arguing impossibility as a defense to a contempt conviction for failing to comply with an order requiring him to pay spousal maintenance in a divorce proceeding. 269 S.W.2d at 339. The husband argued the trial court lacked jurisdiction to enforce its order requiring him to pay spousal maintenance by contempt because an appeal had been perfected and a supersedeas bond had been filed. *Id.* The court rejected the

husband's argument and held the trial court had jurisdiction because "it has long been held that an order fixing temporary alimony is interlocutory and not superseded on appeal." *Id.*

In *Clay v. Clay*, a husband in a divorce proceeding appealed from the divorce decree arguing the trial court should have granted his motion for directed verdict as to his cruel-treatment ground for divorce. 550 S.W.2d at 735. The trial court awarded the wife spousal maintenance during the pendency of the appeal. *Id.* The husband challenged the award of temporary spousal maintenance because, although the divorce decree was being challenged, he was not challenging the divorce, only the underlying grounds, and thus the divorce decree was final and the spousal maintenance order was not interlocutory. *See id.* The court held the temporary spousal maintenance order during the pendency of the appeal was not superseded by the husband's posting of a supersedeas bond because, under *Ex parte Kollenborn*, a spousal maintenance order is considered interlocutory and not part of a final, appealable judgment that may be superseded. *Id.* The court noted the reason for allowing spousal support pending a final determination of a divorce proceeding "exists after a judgment ... from which an appeal has been taken as before the rendition of such a judgment." *Id.*

In support of its order striking Mathis's notice of supersedeas deposit, the trial court cited *Whitt v. Whitt*, 684 S.W.2d 731 (Tex.App.–Houston [14th Dist.] 1984, no writ). In *Whitt*, the appellant argued he should not be held in contempt for violating an order that he pay temporary spousal support pending appeal. *Id.* at 736. The court of appeals overruled the appellant's argument stating, "We agree that the filing of a proper supersedeas bond would stay execution of a money judgment.

However, the filing of the bond does not supersede an order fixing temporary support pending appeal." *Id.* (citing *Ex parte Kollenborn*, 153 Tex. 350, 269 S.W.2d 339; *Clay*, 550 S.W.2d at 750).

Chapter 6 of the Family Code, particularly sections 6.502, 6.507, and 6.709, contains the rules discussed in *Ex parte Kollenborn*, *Clay*, and *Whitt.* Section 6.502(a)(2) provides:

> While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an order directed to one or both parties ... requiring payments to be made for the support of either spouse.

TEX. FAM.CODE ANN. § 6.502(a)(2) (West 2006). Section 6.507 provides, "An order under this subchapter, except an order appointing a receiver, is not subject to interlocutory appeal." "This subchapter" as used in section 6.507 refers to subchapter F of Chapter 6 of the Texas Family Code. Subchapter F authorizes a trial court to issue temporary orders in a pending divorce proceeding. *See* §§ 6.501, 6.502. Section 6.709, under subchapter H, permits a trial court to render temporary orders requiring the support of either spouse during the appeal from a divorce. *See* § 6.709.

Therefore, whether Mathis may supersede the judgment or whether "the law provides otherwise" ("the law" being Family Code sections 6.502, 6.507, and 6.709 and the holdings in *Ex parte Kollenborn*, *Clay*, and *Whitt* ) depends on whether the challenged order is a temporary order under section 6.502 requiring payments to be made for spousal support. If so, then

under section 6.507 of the Family Code; *Ex parte Kollenborn, Clay,* and *Whitt,* the order is interlocutory and may not be superseded. If the order is not a temporary order for spousal support under 6.502, then section 6.507, *Ex parte Kollenborn, Clay,* and *Whitt* are inapplicable and Mathis may supersede the judgment. *See* TEX.R.APP. P. 24.1(a)(3); *In re Longview Energy Co.,* 464 S.W.3d at 362.

Mathis argues that because this appeal is from a final judgment for breach of contract, the appealed order is neither interlocutory nor an order for spousal support under section 6.502 of the Texas Family Code. Chapter 6 of the Family Code governs suits for marriage dissolution.

However, this appeal arises from a suit for breach of contract and does not involve a request for the dissolution of a marriage. Leticia pled the case as a breach-of-contract and declaratory-judgment case, and the trial court granted summary judgment on those grounds. Leticia's cause of action for breach of contract and her claim for declaratory relief were severed from ongoing litigation in the district court into a final, appealable judgment. The trial court's findings in the final judgment further support Mathis's position:

> (8) that Mathis' agreement to pay temporary spousal maintenance is a contractual agreement for spousal maintenance and does not manifest an intent that Mathis' obligation be governed by Chapter 6 or Chapter 8 of the Texas Family Code; (9) that no evidentiary hearing pursuant to Chapter 8 of the Texas Family Code was requested by Mathis nor was an evidentiary hearing conducted by the trial court on its own; (10) that the agreement is not court-ordered spousal maintenance governed by Chapter 6 or 8 of the Family Code because, in particular, there is no indication in the record that the trial court considered *all* of the statutory factors in determining maintenance, it fails to set forth any of the criteria of Chapter 8, it fails to reference Chapter 8 of the Family Code, and it fails to follow that chapter's guidelines with respect to the amount of maintenance and the duration of the maintenance payments; (11) that the agreement of the parties is the sort of contractual maintenance obligation that is permitted outside of the context of Chapter 8 and is not a legal duty arising under Chapter 8 of the Family Code.

In *Ex parte Hall,* the supreme court held the Family Code did not apply to an agreed order for spousal support because the order was rendered on the parties' agreement and not under the authority of the Family Code. 854 S.W.2d 656, 658 (Tex.1993). Here, the order for spousal support also was rendered on the parties' agreement and not under the authority of the Family Code. Because the appealed-from order is not a temporary order under chapter 6, subchapter F, of the Family Code, but rather a final appealable judgment in a breach of contract case, then section 6.507, *Ex parte Kollenborn, Clay,* and *Whitt* do not provide an exception to Rule 24.1(a)(3).

Leticia notes the underlying agreed order is, in part, for a temporary order of spousal maintenance. Leticia argues the purpose of her spousal maintenance is to ensure she can afford necessaries during the pendency of a divorce proceeding. Leticia argues that, therefore, *Ex parte Kollenborn* and *Clay* apply when an alleged breach of contract is based on an agreement for spousal support. "[W]hen and how supersedeas should be allowed is a policy question peculiarly within the legislative sphere" and the legislature has determined that money judgments, unlike temporary spousal orders, may be superseded by deposit. *See Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 482 (Tex. 1964); *see also* TEX. CIV. PRAC. & REM.CODE ANN. §§ 52.001, 52.006. Pursuant to a leg-

islative grant of authority, the Supreme Court of Texas has adopted a rule that a judgment debtor may supersede a money judgment by posting a bond unless the law provides otherwise. *See* Tex.R.App. P. 24.2(a)(1). Neither the law nor the rules provide otherwise in this case.

### CONCLUSION

Because we are bound to apply the law and rules applicable to this proceeding, we must grant Mathis's motion. We must therefore vacate the trial court's order that the District Clerk of Webb County deliver Mathis's cash deposit to Leticia. *See* Tex. R.App. P. 24.4(d) (providing that we "may require other changes in the trial court order" relating to the trial court's determination whether to permit suspension of enforcement).[1]

---

1. Mathis raises other arguments relating to the writ of execution and her motions for a turnover order. Because we must grant Mathis's motion and require the trial court to suspend the judgment's enforcement, we need not address Mathis's other arguments.